STURGIS, Judge.
The plaintiff below, hereinafter referred to as Trumbull, seeks reversal of a final decree dismissing its complaint seeking in-junctive relief and requiring the defendant Motor Vehicle Commissioner of the State of Florida, absent any issue or trial for such relief, to “forthwith” issue motor vehicle certificates of title upon two described automobiles pursuant to the respective appli *41 cations of defendants Robert E. Seawright and B. C. Rigdon.
The only assignment of error to which argument is addressed questions the validity of that part of the decree which commands the Motor Vehicle Commissioner to issue said title certificates.
This case is closely allied with the cases of Trumbull Chevrolet Sales Co., Inc. v. Seawright, 134 So.2d 829 and Trumbull Chevrolet Sales Co., Inc. v. Rigdon, 134 So.2d 842, pending before this court, in which we have on this date filed decisions the effect of which is to allow Trumbull to replevin the subject motor vehicles.
This suit was filed by Trumbull on June 10, 1960, against the individuals d/b/a Florida Motor Company of Pensacola, the Motor Vehicle Commissioner of the State of Florida, Federal Services Discount Corporation, Robert E. Seawright, and B. C. Rigdon, seeking to enjoin the Motor Vehicle Commissioner from issuing to defendants Seawright and Rigdon, respectively, title certificates upon two automobiles, title to which is claimed by Trumbull. Each application for title certificate recited that the automobile had been purchased from Florida Motor Company of Pensacola and each recited a lien in favor of Federal Services Discount Corporation. On June 17, 1960, an order was entered denying Trumbull’s application for an interlocutory injunction and dismissing the complaint for failure to state a cause of action, with leave to amend within twenty days. Prior to expiration of the time allowed for amendment the Motor Vehicle Commissioner filed an answer admitting that the applications for title certificates had been filed with the Commission and stating that each had been accompanied by the following supporting documents, to-wit:
1. A document entitled “Bill of Sale”, of Florida Motor Company of Pensacola, describing the vehicle as sold to the applicant, which was signed by the applicant but was not signed by the seller.
2. A document entitled “Car Invoice” by O. K. Motor Company, Dresden, Tennessee, describing the automobile as sold to Florida Motor Company, Pensacola, Florida, and purportedly signed by one “Garner” for O. K. Motor Company.
Further answering, the defendant Commissioner said:
“ * * * the [above] enumerated documents consisting of applications for issuance of certificates of title and supporting invoices and bills of sale do not appear upon their face strictly in accordance with the law. This Defendant in obedience to the mandate of the court awaits final determination of the cause and of the equities thereof.”
The Motor Vehicle Commissioner did not seek any affirmative relief, and it does not appear that an answer or other pleading was filed by the remaining defendants. Trumbull did not amend the complaint and on December 8, 1960, the order on appeal was entered dismissing thé complaint with prejudice and commanding the defendant Motor Vehicle Commissioner to “forthwith issue the certificates of title upon the basis of the applications filed.”
The sole question for determination is whether upon the recited facts the trial court erred in mandatorily enjoining the Motor Vehicle Commissioner to forthwith issue such certificates of title.
We pause to note that although plaintiff’s brief herein was filed on April 17, 1961, and the record reflects due service of copies upon all appellees, we have not been favored with a brief on behalf of either of the appellees. While such is not a common occurrence, it does happen with sufficient frequency to compel the observation that counsel will be well advised to perform that service to their clients and the appellate court. The trial judge is also entitled, as a matter of courtesy, if for no other reason, to have the active support of his *42 rulings by those who, it must be assumed, influenced the result at the trial level.
We think the issue of this appeal is governed by the following excerpt from Henderson v. Antonacci, Fla.1952, 62 So.2d 5, 7, which we quote with approval :
“It is a fundamental rule that questions which are not presented to the Court and which do not necessarily inhere in those questions which are presented cannot be decided by the Court. Pensacola & Georgia R. R. Co. v. Spratt, 12 Fla. 26, 91 Am.Dec. 747; Briles v. Bradford, 54 Fla. 501, 44 So. 937; Vance v. Bliss Properties, Inc., 109 Fla. 388, 149 So. 370. There are many sound reasons behind this rule. Not the least of such reasons is the fact that gratuitous rulings by a court are oft-times precipitate, ill-considered and, except for the fact that they cannot constitute predicates for res adjudicata, estoppel by judgment or conceivably even stare decisis, would tend to establish unsound precedents. Certainly such rulings lend themselves more directly to confusion than to stability in the law.”
That principle applies at both the trial and appellate levels. In the case on review there was no basis for the mandatory injunctive relief ordered by the decree. The question as to whether an application for an automobile title certificate is sufficient to entitle the applicant to have it issued is initially to be resolved by the Commissioner in accordance with the applicable law. In this instance the trial court, in the face of the Commissioner’s answer stating that the applications “do not appear upon their face strictly in accordance with the law,” and despite the lack of any issue developed in the premises or any judicial inquiry into the facts upon which to found a conclusion as to the sufficiency of the applications, peremptorily undertook to settle that subject by.use of a mandatory injunction, the effect of which is to deprive the appellant of due process of law. The “confusion” referred to in the Antonacci case, supra, is well illustrated here by the fact that the Motor Vehicle Commissioner in compliance with the mandate of the decree appealed has issued the title certificates whereas, as will be seen by reference to the decisions rendered in the hereinabove mentioned allied cases, the applicants do not have title to the motor vehicles.
That part of the order appealed which attempts to place on the Motor Vehicle Commissioner the duty to issue the subject certificates of title is vacated, and the order is otherwise affirmed.
Affirmed in part, reversed in part.
CARROLL, DONALD K., C J., and WIGGINTON, J., concur.