136 So.2d 1 (1961)
Lawrence G. NUSBAUM et al., Appellants,
v.
Manuel RISKIN, Appellee.
No. 2639.
District Court of Appeal of Florida. Second District.
December 20, 1961.
*2 J. Jay Simons, Hollywood, for appellants.
No brief filed for appellee.
ALLEN, Judge.
Oral argument has been waived in this case. We note at the outset, however, that counsel who represented appellee in the lower court has not seen fit to file a brief on behalf of his client. We feel that an attorney, in justice to the lower court, should attempt to sustain the lower court's ruling and aid the appellate court with a brief. We note with approval the following language from a recent case of the First District Court of Appeal of Florida in Trumbull Chevrolet Sales Co. v. Motor Vehicle Com'r., Fla.App. 1961, 134 So.2d 40, 41, in an opinion written by Judge Sturgis:
"We pause to note that although plaintiff's brief herein was filed on April 17, 1961, and the record reflects due service of copies upon all appellees, we have not been favored with a brief on behalf of either of the appellees. While such is not a common occurrence it does happen with sufficient frequency to compel the observation that counsel will be well advised to perform that service to their clients and the appellate court. The trial judge is also entitled, as a matter of courtesy, if for no other reason, to have the active support of his rulings by those who, it must be assumed, influenced the result at the trial level."
Appellants, defendants in the lower court, have appealed from a final judgment based on a prior order granting plaintiff's motion for summary judgment as to $2,000 of $2,500 alleged to be due plaintiff from defendants. The court had previously denied defendants' motion for summary judgment on a counterclaim and set-off. The effect of the final judgment was to also grant summary judgment in favor of plaintiff on the counterclaim.
The facts leading up to this dispute are as follows: Defendants owned fifty-one per cent of the stock in a real estate corporation. One Sidney Waters owned forty-nine per cent of the stock in the same corporation. Per a written agreement dated October 8, 1958, included in the record, the parties agreed that Waters would sell his stock to defendants for $4,000. Upon the signing of the agreement Waters delivered the stock and received $1,500 in cash. Thereafter, Waters was to receive the balance of $2,500 in $500 increments as each of five specified lots owned by the corporation were sold. Four of the five lots have been sold and the lower court so found.
On October 10, 1958, Waters assigned his right to payment of the $2,500 under the agreement to plaintiff and duly gave notice of said assignment on that date to defendants by letter which is also part of the record. The facts to this point formed the basis for plaintiff's complaint.
The indebtedness claimed to be due on the counterclaim arose as follows. In June of 1958, prior to his agreement with defendants, Waters executed and delivered a promissory note for $2,250 to the Bob Corporation which is not a party to this litigation. Said note was later assigned to defendants by the Bob Corporation, but not until November 15, 1959, as disclosed by defendants' answers to interrogatories propounded by plaintiff. Defendants contend that this assignment to them of an independent obligation by a third party and due said party from plaintiff's assignor of the contract sued on in the complaint forms a legal basis for a set-off and counterclaim against plaintiff. In other words, defendants assert that plaintiff-assignee is subject to defenses which can be raised against his assignor on a collateral obligation which did not mature in favor of defendant-obligors until after *3 they had received notice of the assignment. All of the above described transactions took place prior to institution of the instant litigation.
Defendants have assigned as error and seek reversal of the lower court's denial of their motion for summary judgment on the counterclaim. Their chief contention is that a defendant debtor may set off or counterclaim against a plaintiff for a claim that the debtor has against the plaintiff's assignor of the debt by virtue of an assignment to the debtor of a collateral obligation by a third party so long as said assignment was made to the debtor before commencement of the action by plaintiff. In support of this contention defendants cite 80 C.J.S. Set-Off and Counterclaim § 55, which states that a claim against the plaintiff which is assigned to the defendant before commencement of the action may be available as a set-off or counterclaim against the plaintiff. This argument is disposed of by virtue of the fact that the cited section deals with assignments of claims against a plaintiff which a defendant has received before commencement of an action, but not with those against a plaintiff's assignor.
It is true that an assignee takes the assignment of a non-negotiable chose subject to any defenses the debtor has against the assignor. This principle also extends to counterclaims and set-offs against an assignor which a debtor can establish to reduce the sum recoverable against him. However, a counterclaim arising out of the original contract assigned is to be distinguished from one arising out of a collateral transaction. In this state an obligor may not set off against an assignee an independent demand against an assignor which is in no way connected with the obligation assigned and which does not mutually exist between obligor and assignee at the time the action is brought. Coffin v. Talbot, 1933, 110 Fla. 131, 148 So. 184; Birmingham Trust & Savings Co. v. Jackson County Mill Co., 1899, 41 Fla. 498, 27 So. 43; 3 Fla.Jur., Assignments § 25, p. 153. As to the availability of a counterclaim against an assignee for a claim against the assignor arising out of a transaction collateral to the contract assigned, Professor Simpson in his treatise on Contracts states at p. 359:
"In no state is a counterclaim which was acquired by the debtor after he received notice of the assignment available against the assignee." (Emphasis supplied.)
In the instant case defendant-debtors acquired their collateral counterclaim against plaintiff's assignor on November 15, 1959, more than thirteen months after receiving notice of the assignment on October 10, 1958. Thus the instant counterclaim must fail for at least two reasons. First, it does not arise out of an obligation that is in any way connected with the original assigned contract sued on or that mutually exists between defendant-debtors and plaintiff-assignee. Second, it clearly arose between defendant-debtors and plaintiff's assignor after defendants had notice of the original assignment from Waters to plaintiff.
Defendants next quote § 524.06, F.S.A., dealing with assignments of accounts receivable and assert that said statute requires recognition to be given their counterclaim in the instant case. They state that this statute allows them a set-off against plaintiff-assignee on the assignor's collateral and independent note which was assigned to defendants by a third party because said assignment of the collateral note occurred prior to the institution of this action. Since the statute involves accounts receivable financing, it has no bearing on the outcome of the instant case. Even if it did, however, the construction given it by defendants is untenable. § 524.06, F.S.A., reads:
"Rights between account debtor and assignee. The rights of an assignee against the account debtor shall be subject to any dealing by such debtor in good faith with the assignor or any *4 other assignee or other successor in interest of the assignor until the account debtor receives notice in writing of the particular assignment from or on behalf of the assignee or the assignor or other assignee or other successor in interest of the assignor.
"The assignment of an account shall not prejudice any right of set-off or defense which the account debtor has when he receives such notice." (Emphasis supplied.)
This statute, by necessary implication, cuts off set-offs against the assignee which the debtor acquires against the assignor after the debtor has received notice of the assignment. Defendants, ignoring the plain language of the statute, at least imply that the statute only cuts off those set-offs which arise after suit is commenced against the debtor by the assignee. If the legislature had so intended, we believe it would have used language more closely resembling this contention instead of "* * * until the account debtor receives notice * * *" and "* * * set-off or defense which the account debtor has when he receives such notice."
The lower court found that $2,000 of the $2,500 claimed to be due plaintiff in the complaint was due and payable and that no issue of material fact existed in connection therewith. A hearing was held as to whether the remaining $500 installment was due and the court found that the condition precedent to maturity of said installment on the debt  sale of the fifth lot  had not occurred. The sale of the other four lots had been established by four deeds of conveyance attached to the complaint. The final judgment awarded plaintiff $2,000 plus interest and costs.
The court did not in so many words grant final judgment in favor of plaintiff on defendants' counterclaim though it had previously denied defendants' motion for summary judgment on said counterclaim. However, in paragraph (h) of its order granting plaintiff's motion for summary judgment, later incorporated by reference into the final judgment, the lower court found that the collateral assignment which forms the basis of defendants' counterclaim was made on or about November 15, 1959. The legal effect of such a finding was to destroy the efficacy of said collateral assignment as the basis of a counterclaim since defendants had notice of the main assignment in the cause on October 10, 1958. Furthermore, plaintiff's motion for summary judgment was a blanket motion and can be presumed to have been directed to both the complaint and the counterclaim. Likewise, in turn, the grant of said motion, later incorporated into the final judgment, can be presumed to have been directed to all issues then before the court except the one $500 claim in the complaint reserved and set down by the court for a hearing.
Defendants suggest, however, in the conclusion of their brief that, by failing to per se rule on the counterclaim in its final judgment, the lower court committed error in failing to make "any disposition of the defendants' Counter-Claim and Set-Off. * * *" If this be so then there has been no final adjudication of the counterclaim and this court is without jurisdiction to entertain this appeal.
According the final judgment the only reasonable construction permitted under the circumstances, we construe it as a final adjudication of the counterclaim in favor of plaintiff.
The lower court was eminently correct in denying defendants' motion for summary judgment on their counterclaim and it committed no error in entering final judgment in favor of plaintiff on both his complaint and defendants' counterclaim.
Affirmed.
SHANNON, C.J., and WHITE, J., concur.