SPECTOR, Judge.
Appellant seeks reversal of a final judgment entered in the lower court in an action brought by appellee to collect the balance owed by appellant, a road contractor, to one Rowell, a subcontractor.
According to the stipulation of facts entered into by the parties, Dickerson subcontracted some work on January 4, 1967, to Rowell on a road building job it was doing for the state referred to as the Emerson Street project. When Rowell got 'the subcontract, he went to the Central National Bank of Jacksonville and for value received assigned his right to the monies due him under the said Emerson Street contract. On January 21, 1967, appellant consented to the assignment and agreed “ * * * to make the payments due, or to become due, on account of said contract, direct to the Central National Bank, * * * subject to the rights of Dickerson, Inc., to pay other obligations as set out hereinbe-fore and to withhold funds on contract as set out hereinabove.”
The assignment reflected on its face that Dickerson had the right to pay Central National Bank the “net amount due under this contract” and that Dickerson, Inc., could withhold monies due by Rowell for taxes, labor, supplies, materials or expenses of any nature that arises out of the job and contract with Dickerson.
Thereafter on September 21, 1967, Dickerson entered into a second subcontract with Rowell on a road construction project in Columbia County. Later, Rowell defaulted on both subcontracts necessitating take-over and completion of both jobs by Dickerson. The Columbia County project was completed at a cost of $100,000 over what the subcontract called for, while the Emerson Street job was completed at a $14,000 profit in favor of Rowell. Appel-lee, as successor assignee of Rowell’s claim to the proceeds from the Emerson Street job, sued appellant for the said $14,000, appellant having refused to pay based on its contention that it was entitled to set off against Rowell’s profit on the Emerson job the losses incurred in completing the Columbia job.
Against the foregoing factual background, the parties agree that the issue presented for consideration on this appeal is whether appellant, as prime contractor, is entitled to set off against appellee, the subcontractor’s assignee on the Emerson Street contract, the losses sustained by appellant because of the subcontractor’s default on the subsequent Columbia County contract. The stated question was resolved against appellant by the trial court. We agree.
In its final judgment, the trial court relied heavily upon the provisions of Section 679.9-318, Florida Statutes Annotated, the provisions of which were summarized as follows:
“Under Section 9-318(1), if an account debtor has a claim against the assignor and the claim arose out of the contract forming the basis of the account being sued on, the debtor may raise it against the assignee whether it accrued before or after he was notified of the assignment.
“If the debtor has a claim against the assignor which did not arise out of the contract being sued on, he may still assert it against the assignee if it accrued before he was notified of the assignment.
“The only time the debtor cannot plead against the assignee a claim which he *750 can assert against the assignor is when the claim is unrelated to the contract forming the basis of the account and when it accrued after notice of the assignment was given.
“This is the teaching of the common law and also the teaching of the Code.”
The above referred to statutory provision is but a codification of the generally recognized rule prevailing in this jurisdiction as pronounced in Nusbaum v. Riskin, 136 So.2d 1 (Fla.App.1961), which may be paraphrased in the following terms :
“The rights of an assignee of a nonnegotiable claim are subject to all the terms of the contract assigned between the account debtor and the assignor and any defense or claim arising therefrom and any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment. 15 Am. Jur.2d Commercial Code, § 74; 6 Am.Jur.2d Assignments, § 102; * *
Appellant concedes that the rule quoted above is controlling but argues that even by its application it should be permitted to set off the losses on the subsequent Columbia County job because the Emerson Street contract had a proviso permitting the prime contractor to set off any monies due the subcontractor thereunder against “* * * the payment of any sums due to the CONTRACTOR by the SUBCONTRACTOR under any other agreement or contract * * * by reason of any breach of such agreement or contract by the SUBCONTRACTOR” (Article XII). Similar set-off rights are reserved in Article XIX respecting any sum due the contractor by the subcontractor “ * * * under this or any other agreement or by reason of the breach of either * * *.” Appellant argues that by invoking the above set-off provisions in the Emerson Street subcontract, the Columbia job losses become a “ * * * claim arising therefrom” [the contract assigned] to which the rights of the assignee are subject within the meaning of the rule in the Nusbaum case quoted above.
Such reasoning seems to be supported by the holdings of this court in George C. Tapper Co., Inc. v. Bank of Fort Walton, 117 So.2d 8 (1960), and Fred S. Conrad Construction Company v. Exchange Bank, 178 So.2d 217 (1965). In Tapper, we held that the bank to which the subcontractor assigned his right to the proceeds due him under the subcontract took subject to that provision therein which authorized Tapper to deduct from the progress payments to the subcontractor a sum stipulated in the subcontract. Tapper had delivered a letter to the bank after the assignment agreeing to forward to it “all such estimates (progress payments) due them based on their subcontract * * We simply held that since the subcontract provided for a set off or deduction by its own terms, the bank necessarily took the assignment subject thereto.
Similarly, in Conrad, supra, we held that the prime contractor’s acceptance of the assignment of the proceeds of a subcontract to the bank and agreement “to pay all sums due or to become due [the subcontractor], under its contract with him” was by its own terms subject to the overall provisions of the subcontract in question. Appellant argues forcefully that just as we held that the rights of the assignee banks in Tapper and Conrad were subject to the set offs permitted or contemplated by the subcontracts in question, so should we here hold that the assignee bank’s rights are subject to the set-off provision in the Emerson Street subcontract concerning sums due Dickerson from Rowell “under any other agreement or contract” or “under this or any other agreement” clauses found therein in Articles XII and XIX respectively.
Appellant contends that the subsequent Columbia County subcontract is within the meaning of the above quoted language from Articles XII and XIX and that the set off resulting from the Columbia losses should *751 be set off against the assignee bank as was permitted in Tapper and Conrad.
Appellant’s argumentation in this regard overlooks a crucial distinction between the tenor of the acceptance of the assignments in Tapper and Conrad and the tenor of the acceptance in the case at bar. While the acceptances in the former cases effectively limited the obligation of the prime contractors to pay to the assignee such sums due the assignor under the terms of the subcontract, the language of the acceptance in this case is materially different. Here the appellant’s consent to the assignment to the bank was couched in the following terms:
“We have read the above and foregoing assignment and consent to the terms thereof, and agree to make the payments due or to become due on account of said contract, direct to the Central National Bank of Jacksonville, Jacksonville, Florida, subject to the rights of Dickerson, Inc., to pay other obligations as set out hereinabove and to withhold funds on contract as set out hereinabove(Em-phasis supplied.)
A reading ■ of the consenting language makes it clear that whatever rights Dickerson might have had under the Emerson subcontract itself to set off claims arising out of other agreements, such as the later Columbia County subcontract, such rights of set off were limited to the set offs expressly mentioned and allowable by the language of the assignment by Rowell and the consent thereto by Dickerson. The language of the assignment itself expressly contemplates payment of the Emerson Street contract price and provides that Dickerson shall pay to the assignee “ * * only the net amount due under this contract, and in arriving at the net amount due * * * Dickerson, Inc., shall have the right to deduct monies due (for labor, supplies, materials) that arise out of the job and contract with. Dickerson, Inc., prior to paying out any monies to assignee herein.” This language and the consent thereto clearly limit the right of Dickerson to as-
sert any claim to a set off arising out of any contract or agreement other than that relating to the Emerson Street job, notwithstanding the unspecific references to other contracts or agreements found in Articles XII and XIX in the body of the subcontract itself.
Such omnibus references to “any other agreement or contract” which are frequently found in extensive and lengthy contract forms of the kind here involved can be, as in the case at bar, superseded by more specific limitational language of the kind found in the body of the Emerson Street subcontract assignment and consent thereto.
Appellant’s consent to such limitational language creates an estoppel which bars claims to set offs arising under any contract other than the one which was the subject matter of the assignment. See the cases from other jurisdictions contained in the annotation on the subject found in 51 A.L.R.2d 886.
Accordingly, the judgment reviewed herein is affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.