309 So.2d 43 (1975)
Clifton J. LOCKE et al., Appellants,
v.
AETNA ACCEPTANCE CORPORATION, Appellee.
No. U-384.
District Court of Appeal of Florida, First District.
March 10, 1975.
*44 Dale E. Rice, Crestview, for appellants.
No appearance for appellee.
MILLS, Judge.
From the outset, it should be noted that appellant, defendant below, was not represented by counsel at the nonjury trial below and appellee, plaintiff below, is not represented by counsel on this appeal.
Defendant appeals from an adverse judgment in a promissory note action. The issue crucial to this appeal is whether the promissory notes were negotiable instruments.
The complaint sought recovery on two promissory notes executed and delivered by defendant to Consumer Food, Inc., who subsequently assigned them to plaintiff. Copies of the notes were attached to the complaint and stated, "Buyer agrees to pay to Seller ...". The answer to the complaint denied the material allegations and alleged several affirmative defenses. At the trial, the trial court held, in effect, that the notes were negotiable instruments and that plaintiff was a holder in due course, therefore, not subject to affirmative defenses.
Section 673.104, Florida Statutes, 1973, provides that to be a negotiable instrument, the writing must be payable to order or to bearer. The notes sued on were payable "to seller" and, therefore, were not negotiable instruments.
Section 673.805, Florida Statutes, 1973, provides that there can be no holder in due course of an instrument which is not payable to order or to bearer.
Under the provisions of Section 673.306, Florida Statutes, 1973, unless a holder in due course, a person takes an instrument subject to all defenses available in an action on a simply contract, as well as the defenses of want or failure of consideration, non-performance of any condition precedent, or non-delivery. Though plaintiff did not qualify as a holder in due course, the trial court refused to consider evidence in support of the defendant's affirmative defenses. This was error.
For the reasons set forth above, the judgment is reversed and this case is remanded for a new trial.
BOYER, Acting C.J., and McCORD, J., concur.