FIRST PRUDENTIAL BANK OF WEST PALM BEACH v.
COMMUNITY FEDERAL SAVINGS & LOAN ASSOCIATION OF RIVIERA BEACH.
No. 75-438-CC.
County Court, Palm Beach County.
April 30, 1976.

6

F. Malcolm Cunningham, West Palm Beach, for the plaintiff.

Freeman W. Barner, Jr., Riviera Beach, for the defendant.

DANIEL T. K. HURLEY, County Court Judge.

This cause came on for trial before the court and from the documentary evidence and testimony adduced therein, the court makes the following —

*Findings of fact*

1. On March 11, 1975, one William E. Dailey entered the First Prudential Bank of West Palm Beach in order to secure a loan of $2,000. His request was denied because he lacked sufficient security or collateral.

2. On March 12, 1975, Dailey entered the Community Federal Savings & Loan Association of Riviera Beach. Utilizing an out-of-town check, Dailey obtained a "Certificate of Deposit" for $2,000.

3. Later the same day, Dailey returned to the Community Federal Savings & Loan Association of Riviera Beach with an "Assignment of Certificate of Deposit" form. He stated that he needed to prove that he was the same person who opened the account and that he needed to have his signature notarized. A bank employee requested identification, compared Dailey's signature on the identification with the signature on the bank's signature card and then watched Dailey sign the assignment. The bank employee then entered the date "March 12, 1975," at the bottom of the printed assignment form and over the following printed verbiage "The signature(s) as shown above compare correctly with our files. Present balance is ($_____). Above assignment has been

properly recorded on register." The employee then typed the figures "2,000.00" in the blank space, signed her name, and affixed her notary seal.

4. At some time prior to the issuance of a loan to Dailey by the First Prudential Bank of West Palm Beach, an employee of the First Prudential Bank called the Community Federal Savings & Loan Association and asked whether William E. Dailey had an account for $2,000 with Community Federal. He was told "Yes" and that the account had been opened "with a check."

5. On March 14, 1975, Dailey assigned his certificate of deposit to the First Prudential Bank of West Palm Beach. At this time the bank took physical possession of the certificate of deposit. Dailey received cash in the amount of $1,690 and obligated himself to repay the First Prudential Bank of West Palm Beach a total amount of $2,008.56.

6. Some time thereafter Community Federal Savings & Loan Association learned that Dailey's out-of-town check failed to clear because it was drawn on a closed account.

From the foregoing findings of fact and based upon the testimonial and documentary evidence presented at trial, the court reaches the following —

### Conclusions of law

1. Plaintiff contends that it is a holder in due course of a negotiable instrument. It relies upon Florida Statute 673.3-104(2)(c)—

> "A writing which complies with the requirements
> of this section is: A "certificate of deposit" if it is an
> acknowledgment by a bank of receipt of money with
> an engagement to repay it;"

After restating the above, 4-A, Fla. Jur., *Bills and Notes*, §23, adds — " . . . and such a writing is negotiable commercial paper *if it complies with the formal statutory requirements governing negotiability.*" (Emphasis supplied.) These requirements are set forth in Florida Statute 673.3-104(1) —

Any writing to be a negotiable instrument within this chapter must:

(a) Be signed by the maker or drawer;

(b) Contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this chapter; and,

(c) Be payable on demand, or at a definite time; and

(d) Be payable to order or to bearer. ·

2. The official comment to §3-104 of the Uniform Commercial Code states —

> This Article omits the original Section 10, which provided that the instrument need not follow the language of the act if it "clearly indicates an intention to conform" to it. . . . The omission is not intended to mean that the instrument must follow the language of this section, or that one term may not be recognized as clearly as the equivalent of another, as in the case of "I undertake" instead of "I promise," or "Pay to Holder" instead of "Pay to Bearer." *It does mean that either the language of the section or a clear equivalent must be found, and that in doubtful cases the decision should be against negotiability.* (Emphasis supplied.)

3. In passing upon a certificate of deposit[1] which was somewhat similar to the one issued by Community Federal Savings & Loan Association, the Texas Court of Civil Appeals held in *First Nat'l. Bank in Grand Prairie v. Lone Star Life Insurance Co.,* 524 S.W. 2d 525 —

> Whether a certificate of deposit is negotiable or non-negotiable is not determined by labeling the writing "non-negotiable" but by its terms. To be negotiable it must be payable to "Order" or "Bearer," otherwise it is non-negotiable. See also *Locke v. Aetna Acceptance Corporation,* 309 So.2d 43 (1st Fla. App. 1975).

4. The certificate of deposit in this case which was admitted as Plaintiff's Exhibit No. 1 in evidence and which is attached as an exhibit to this order is not payable "to Order" or "to Bearer." Consequently, it is not a negotiable instrument and the First Prudential Bank of West Palm Beach cannot be a holder in due course.

5. The rights of the plaintiff, First Prudential Bank, are governed by §673.3-306, "Rights of One Not Holder in Due Course." It states —

---

[1]The certificate of deposit in question is non-negotiable. It states: "This certifies that T. H. Hamilton has deposited in this Bank, payable to Depositor in current funds, the sum of Thirty Thousand and no/100 Dollars which amount the Bank agrees to pay to Depositor upon presentation of this Certificate." *First Nat'l. Bank in Grand Prairie v. Lone Star Life Insurance Co.,* 524 S.W. 2d 525, 529 (Tex. Civ. App. 1975). For an example of a negotiable certificate of deposit, see *Commercial Engineering Corp. v. Matterson Chev., Inc.,* 460 P. 2d 200 (Ariz. App. 1969).

"Unless he has the rights of a holder in due course any person takes the instrument subject to . . . the defense of want or failure of consideration . . ."

As set forth above, it is unquestioned that Dailey's check failed to clear because it was drawn on a closed account. Thus, there was a failure of consideration for the issuance of the "Certificate of Deposit" in the first instance and this defense having been asserted and proved by the defendant herein, precludes recovery by the plaintiff.

Wherefore, it is ordered and adjudged that the plaintiff, First Prudential Bank of West Palm Beach, shall take nothing by this action, and that the defendant, Community Federal Savings & Loan Association of Riviera Beach, shall go hence without day.