SMITH, Judge.
The general contractor for construction of a Sears Roebuck building in Pensacola refused to pay for structural steel furnished the project. The supplier sued the contractor and the court directed a verdict for the supplier in the amount of the contract price. The jury’s verdict added the amount of certain disputed extras. The contractor asserts on appeal that the trial court erred in directing a verdict for the contract price of $41,374.41 and in refusing to permit the jury to assess, as a setoff reducing its liability to the supplier, the contractor’s damages sustained as a result of the supplier’s delays in furnishing the steel, its failure to deliver sequentially the types of steel needed for continuous construction and its furnishing of steel which was defective or did not conform to specifications.
The case reached trial without issues clearly pleaded between supplier and contractor. Notwithstanding the absence of a counterclaim, the contractor was permitted over objection to introduce evidence of the supplier’s claimed inadequacies in performance and of the contractor’s damages. While the contractor’s setoff should have been explicitly pleaded as a counterclaim, Ocean Ridge Devel. Corp. v. Quality Plastering, Inc., 247 So.2d 72 (Fla.App. 4th, 1971), we conceive that the trial court acted within its discretion, in the absence of demonstrated prejudice to the supplier, in permitting proof of the contractor’s asserted setoff against the contract price. Rules 1.170, 1.190(b), R.C.P.
After thus permitting full development of the contractor’s asserted setoff, the trial court ruled as a matter of law that the contractor’s damages resulting from delay in the delivery of steel and from the supplier’s departure from desirable delivery sequences were not recoverable. The supplier’s bid forms, which formed a part of the contract, specified that acceptance of deliveries would constitute waiver of claims for delay in delivery.[1] The trial court did not err in giving that provision effect notwithstanding the supplier’s stated “anticipation” of meeting a more rapid delivery schedule. Nor did the trial court err in eliminating the contractor’s asserted dam *1230 ages arising from the absence of sequential delivery, to which the supplier did not assent in the exchange of contract documents.
The trial court erred, however, in holding that the quoted clause forecloses the contractor’s claim for damages caused by delivery of defective and nonconforming materials. Although construction delay was a result of delivering faulty steel, delay itself was not the default complained of. Delays which were subject to the disclaimer of liability were delays in delivery, acceptance of which might reasonably be regarded as waiver. But the “no damages for delay clause” cannot reasonably be held to foreclose claims resulting from delay not incurred at delivery, when the fact and extent of future delay, attending correction or replacement of materials found to be defective, might be unknown or incalculable. See Wood v. Ft. Wayne, 119 U.S. 312, 322, 7 S.Ct. 219, 224, 30 L.Ed. 416, 420 (1886).
On remand of the case, the verdict liquidating the principal amount owed the supplier need not be disturbed, but the parties by proper pleadings should establish issues to be tried on the contractor’s counterclaim for damages caused by the supplier’s delivery of defective and nonconforming materials.
REVERSED.
RAWLS, Acting C. J., and McCORD, J., concur.

. “Seller shall not be responsible for delays arising from causes beyond its reasonable control and shall be responsible only for failure to make reasonable effort in pursuance of its performance, provided, however, that acceptance of materials on delivery shall constitute a waiver of any claims for damages on account of delay.”