PER CURIAM.
Appellant Sunrise Point, Inc., was the defendant-counterplaintiff in the trial court and appellee Reliance Realty, Inc., was the plaintiff-counterdefendant. The action arose under an exclusive contract for broker commissions upon the sale of condominium units in a condominium development. The contract was mutually dissolved prior to the action. Following a jury trial, a verdict was returned for the plaintiff realtor on its claim and for the defendant developer upon its counterclaim. Each party has appealed.
*675 The appellant developer’s principal reliance is upon its point claiming that recovery could not be allowed the plaintiff realtor where the jury also found that the defendant was entitled to recovery for breaches of the same contract by the plaintiff. Our review of the record convinces us that there is no inconsistency in the verdict. Cf. Southeastern Builders, Inc. of Alabama v. Joe Brashears Steel, Inc., 336 So.2d 1228, 1230 (Fla. 1st DCA 1976). We have examined the other points presented by the appellant and have found them not to present error.
The cross-appeal asks us to examine the evidence upon the basis that there is no rational explanation for the amount awarded on the counterclaim. We affirm upon authority of the rule that “[t]he jury is the sole judge of such factual issue [damages] and neither the trial judge nor an appellate court may substitute its judgment on such issue for that of the jury.” Jefferson Realty of Fort Lauderdale, Inc. v. United States Rubber Company, 222 So.2d 738 (Fla.1969). Other points presented upon appellee’s cross-appeal do not present error.
Affirmed.