385 So.2d 732 (1980)
GEORGE HUNT, INC., et al., Appellant/Cross Appellee/Third Party Defendant,
v.
DORSEY YOUNG CONSTRUCTION, INC., Appellee/Cross Appellant/Plaintiff.
No. 79-469.
District Court of Appeal of Florida, Fourth District.
July 9, 1980.
Michael G. Widoff, of Michael G. Widoff, P.A., Fort Lauderdale, for appellant/cross appellee/third party defendant.
No appearance for appellee/cross appellant/plaintiff.
HERSEY, Judge.
Appellant, Hunt, for purposes of this litigation is in the position of General Contractor for the construction of a two building shopping center. Appellee, as a subcontractor, was to supply concrete slabs, foundations, concrete block and masonry work for the project. Upon completion of its contract appellee was unable to obtain final payment and filed suit, whereupon a jury *733 returned a verdict awarding appellee damages in the amount of $12,500.
Appellant's defenses were that the work was faulty and inadequate and that appellee refused to certify that its suppliers and laborers had been paid.
During the trial appellee was permitted to introduce testimony to the effect that (1) the reason for non-payment was that the General Contractor was short of funds; (2) an agent of the General Contractor agreed that $20,000 was owed to appellee; and (3) the design of certain aspects of the building rather than appellee's workmanship caused leaking and attendant problems. In each instance the testimony was hearsay, unsupported by any other competent evidence in the record and, inasmuch as these statements go to the very heart of appellant's defenses it cannot be said that admission of this testimony constituted harmless error. On the contrary, it seems most reasonable to suppose that the jury gave at least some, and perhaps considerable, credence to the theories supported by this hearsay evidence.
Accordingly, we reverse and remand for a new trial on that basis.
The cross appeal has been abandoned and is hereby dismissed, sua sponte.
Because the matter may be retried, we will comment briefly on two additional matters disclosed by our examination of the record in order to forestall repetition of what we perceive to be potentially harmful errors.
Appellant complains of appellee's failure to provide the customary affidavit and general release as a condition precedent to final payment. The trial court's refusal to give an instruction in this regard is urged as reversible error. Obviously, appellee would not be entitled to collect for work done or materials supplied by others unless appellee has paid for or has become legally obligated to pay for that work or those materials. In addition, the contract specifically required appellee to furnish an affidavit and general release. Consequently, appellee was required both by law and by contract to provide these two documents. An instruction to that effect would be an essential aspect of the court's explanation to the jury of the law applicable to these facts.
In addition, the evidence as to the amount of damages cannot be based on speculation or conjecture, but must be proven with certainty. Hodges v. Fries, 34 Fla. 63, 15 So. 682 (Fla. 1894). The evidence on damages in this record is somewhat sketchy, vague and inconclusive. We point out that it may not be legally sufficient to support the award of damages represented by the jury verdict notwithstanding that the jury is the sole judge of such factual issues as the amount of damages. Sunrise Point, Inc. v. Reliance Realty, Inc., 371 So.2d 674 (Fla. 3rd DCA 1979). We suggest that more emphasis needs to be concentrated on this issue if the case is retried.
REVERSED AND REMANDED FOR NEW TRIAL.
LETTS, C.J., and BERANEK, J., concur.