COBB, Judge.
American Cast Iron Pipe Company (American), a supplier of industrial pipe, sued Gold Coast Construction, Inc. (Gold Coast), a general contractor, and its surety, Cotton States Mutual Insurance Company (Cotton States), for monies due on pipe and supplies it had delivered. Gold Coast counterclaimed, alleging American had caused it severe delay damages by delivering pipe which deviated from the requirements of the job’s plans and specifications. The trial court found that Gold Coast owed American $26,221.66 for the pipe and supplies, but totally offset this amount by finding in favor of Gold Coast on its counterclaim. Both American and Gold Coast appeal the final judgment, American arguing it was not legally responsible for insuring the pipe met the job’s plans and specifications, Gold Coast arguing that the damages awarded it were inadequate.
*175 Having considered all of American’s arguments, we conclude they lack merit. The trial court did not err by varying from the terms of both American’s bid to Gold Coast and the June 8, 1976 purchase order, the order which resulted in the shipment of incorrect pipe. Section 672.202, Florida Statutes (1975),[1] did not prohibit the trial court from considering evidence outside these two unilateral memoranda: American’s bid to Gold Coast preceded its express warranty that the pipe would meet the job’s plans and specifications, and the purchase order, which American prepared subsequent to the oral warranty, was not signed by Gold Coast.
We do find error, however, with the trial court’s judgment on Gold Coast’s counterclaim. The trial court found that not all of Gold Coast’s delay damages were attributable to American, and concluded that the attributable damages were “very close in amount to the amount due [American] for the pipe.” The finding of “very close” implies that Gold Coast’s damages were either more than or less than, but did not equal, the $26,221.66 the court found Gold Coast owed American for the pipe. Unless the difference was so slight as to amount to de minimus non curat lex, which we cannot discern from the final judgment, the trial court erred by not entering a specific damage figure. While the trial court’s result may have been equitable under the circumstances, Gold Coast counterclaimed at law for damages, and the trial court was required to make a finding as to those damages. We therefore remand the cause to the trial court so that it can express the amount of Gold Coast’s damages attributable to American’s actions. If, from the record, the trial court cannot ascertain with reasonable certainty the amount of damages attributable to American, the trial court should enter, on the basis of uncertainty, a judgment against Gold Coast’s counterclaim. Said finding will be appeala-ble by either party at that time.
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
DAUKSCH, C. J., and SHARP, J., concur.

. Section 672.202, which remains unchanged, is Florida’s adoption of the 1962 version of the Uniform Commercial Code section 2-202. It provides:
Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:
(1) By course of dealing or usage of trade (s. 671.205) or by course of performance (s. 672.208); and
(2) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.