**In re MONROE COUNTY HOUSING CORPORATION, INC., Debtor.**

**MONROE COUNTY HOUSING CORPORATION, INC., a Florida corporation, Plaintiff,**

**v.**

**CAFCO ENGINEERS, INC., et al., Defendants.**

**CLIMATROL SALES, INC. f/k/a Climatrol Corp., Cross-Plaintiff,**

**v.**

**CAFCO ENGINEERS, INC., et al., Cross-Defendants.**

**Bankruptcy No. 81–01901–BKC–SMW. Adv. No. 81–0516–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 23, 1982.

Mark Carroll, Blackwell, Walker, Gray, Flick & Hoehl, Miami, Fla., for debtor.

John R. Lawson, Jr., Tampa, Fla., for Cafco Engineers.

R. Earl Welbaum, Robert Venney, Miami, Fla., for Ohio Casualty Co.

Michael Brodsky, Richard M. Goldstein, Miami, Fla., for Climatrol.

John Spottswood, Marathon, Fla., for Monroe County Housing.

Richard Daniels, Miami, Fla., for Fletcher & Valenti.

Jeffrey R. Keiner, Orlando, Fla., for Akerman, Senterfitt, Eidson.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come on to be heard upon a severed Crossclaim and Counterclaim filed in connection with a Complaint to Sell Property Free and Clear of Liens and Claims filed by the original plaintiff (Monroe County Housing Corporation) and the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

For clarity, the parties are identified in the following manner: Monroe County Housing Corporation, Inc., (Monroe County) is a building developer responsible for developing the Monroe County Housing Project (the project) at Marathon in the Florida Keys. Cafco Engineers, Inc., (Cafco) is the contractor that was employed by Monroe County to build the project. Climatrol Corp., now known as Climatrol Sales, Inc., (Climatrol) is a subcontractor contracted by Cafco to provide and install anodized aluminium railing and gates for the project.

The severed Crossclaim and Counterclaim arose from a Complaint to Sell Property Free and Clear of Liens and Claims filed by Monroe County in which Cafco, Climatrol and others were named defendants. Upon answering Monroe County's Complaint, Climatrol filed a Crossclaim against Cafco to recover the sum of $32,442.44 alleged to be the balance due under the subcontract agreement between Climatrol and Cafco.

When Cafco answered the Crossclaim it admitted the existence of the subcontract but denied that Climatrol had completed all conditions of performance and fulfilled its obligations under the agreement. On this basis, Cafco denied that Climatrol was entitled to any balance alleged to be due under the subcontract. With its answer to Clima-

trol's Crossclaim, Cafco filed a Counterclaim against Climatrol (which was later amended) alleging that materials initially supplied by Climatrol were "dimensionly incorrect and not suitable for use on the project" and that Climatrol failed to timely deliver properly dimensioned materials causing delay in completion of the construction project. In response, Climatrol admitted the existence of the subcontract, but denied all other allegations in the Counterclaim.

The issues to be determined by the Court are (1) to what extent, if any, is Climatrol liable for delays in completion of the project and (2) how much, if anything, is due Climatrol under the subcontract.

```
        Cafco:
        $4,352.  Collar
    +     125.  Punch
        $4,477.
```

In its Amended Counterclaim, Cafco claimed the following delay damages.

(i) extended insurance;

(ii) extended equipment costs;

(iii) extended job site costs;

(iv) extended home office overhead expenses;

(v) loss of efficiency, and productivity resulting from out-of-sequence work;

(vi) loss of bonding capacity;

(vii) loss of future profits;

(viii) out-of-pocket expenses to rectify Climatrol's breaches.

At trial Cafco summarized delay damages as follows:

```
        $29,194.  Home Office
         90,576.  Field
    +    59,000.  Profit
         41,740.  Bond Expense
        148,500.  Lost Business
    3/ 368,000.  Apportioned between 3 (see fn. 3)
        122,600.
    -     4,400.
       $127,000.  Total
                  due from Climatrol [1]
```

The law requires that a determination of damages must have a reasonable basis. "In a suit between private parties for breach of construction contract by delay, the party who seeks to collect damages has the burden of proving the extra costs it incurred as a result of the breach. If there are factors for which the defendant is responsible and factors for which it is not, the plaintiff must provide a reasonable basis for apportioning damages." *United States, ex. rel. Gray Bar Electric v. J.H. Copeland & Sons Construction, Inc.,* 568 F.2d 1159 at 1162 (5 Cir.1978).

The "reasonable basis test" has been consistently applied by Florida Courts in cases involving delay damages. See: *Gesco, Inc.*

*v. Nezelek, Inc.,* 414 So.2d 535 (Fla. 4 D.C.A. 1982) citing *Gray-Bar,* and *City of Boca Raton v. Gold Coast Construction,* 410 So.2d 174 (Fla. 5 D.C.A. 1982). In the case before the Court the evidence shows that many factors contributed to delay, yet there has been no proof that Climatrol, in and of itself, caused, amplified or actually contributed to the preexisting delay situation.

The law also requires that, "evidence as to the amount of damages cannot be based on speculation or conjecture, but must be proved with certainty." *George Hunt, Inc. v. Dorsey Young Construction, Inc.,* 385 So.2d 732 at 733 (Fla. 4 D.C.A. 1980) citing *Hodges v. Fries,* 34 Fla. 63, 15 So. 682 (Fla.1894). See also *Travelers In-*

1. The summary at trial was an approximation and "round numbers" were used.

*demnity Company v. Peacock Construction Company,* 423 F.2d 1153 (5 Cir.1970). Comparison of Cafco's allocation of delay damages in the Amended Counterclaim with that presented at trial demonstrates uncertainty in calculation of delay damages.

■ The allocation of damages proposed by Cafco is premised on their conclusion that project delay from April, 1981, through August, 1981, was caused by four subcontractors, one of which is Climatrol.[2] The delay allegedly caused by these four subcontractors is grouped into three categories,[3] each to be assigned responsibility for one third of the delay damages. This assignment is based on the personal opinion of Mr. Carl Fielland, the president of Cafco. The Court finds that this allocation is premised on assumptions that are not adequately supported by the record, and concludes that it is not competent evidence on the issue of damages. This conclusion is supported by the case of *Gesco Inc. v. Edward L. Nezelek, Inc.* 414 So.2d 535 (Fla. 4 D.C.A. 1982), where the Court in determining liability for construction delay concluded that testimony which was premised on assumptions, which were not adequately supported by the record is not competent evidence on the issue of damages. Similarly, in the case of *George Hunt, Inc. v. Dorsey Construction, Inc.* 385 So.2d 732 at 733 (Fla. 4 D.C.A. 1980), the Court found that the evidence in the record was "somewhat sketchy, vague and inconclusive" and thus could not be legally sufficient to support an award of damages. The Court concludes that the allocation of delay damages proposed by Cafco does not satisfy the requirement that apportionment of damages have a "reasonable basis", and further finds

that Cafco has been unable to determine with certainty the nature and extent of any delay damages. Cafco has failed to satisfy its burden of proof, and thus can receive no recovery for its alleged delay damages.[4]

The Court now turns its attention to Climatrol's claim to recover the balance due under the subcontract agreement.

■ The Court finds that the balance due to Climatrol under the subcontract is $32,-442.44. Since Cafco admitted the existence and content of the subcontract, and its only justification for failure to pay the balance alleged to be due under the subcontract was the deviation and delay alleged to be caused by Climatrol, as to which the Court has found Cafco has failed to meet its burden of proof, Climatrol shall recover the sum of $32,442.44 minus the expense incurred by Cafco in correcting punch list items which are directly attributable to Climatrol. The Court finds the punch list expense to be in the amount of $125.00. The Court further finds that Cafco should be credited the sum of $4,352.28 representing the cost of "collars" deleted from the subcontract.

In summary, Climatrol shall recover from Cafco the sum of $27,965.16 as a result of the following computations:

| $32,442.44 Balance Due | $4,352.28 Collar |
| − 4,477.28 | + 125.00 Punch List |
| $27,965.16 | $4,477.28 |

The Court will enter a separate Final Judgment in conformity with these Findings of Fact and Conclusions of Law.

---

2. Although other possible additional causes were mentioned during trial and in the evidence.

3. The three catagories are designated as delay attributable to: 1) Climatrol; 2) Alonzo Cothrow, Inc., (paving) and 3) Interior finish: Caswell-Doyle-Jones and DeMarco Tile.

4. See *City of Boca Raton v. Gold Coast Construction,* 410 So.2d 174 (Fla. 5 D.C.A. 1982) which held that when the amount of delay damages can not be ascertained from the rec-

ord with reasonable certainty, the trial Court should enter a judgment against [the party claiming damages]. See also *Travelers Indemnity Company v. Peacock Construction Company,* 423 F.2d 1153 at 1157 (5 Cir.1970) wherein the Fifth Circuit Court of Appeals held that an award of no damages was supportable when "because of the many contributing factors shown for the delay ... the Court could not ascertain the amount of damages due ... other than through the process of mere speculation or conjecture."