## FORD MOTOR CREDIT COMPANY v OGLESBY

### Case No. 86 CC11 1607

*County Court, Polk County, Florida*
*December 9, 1987*

### APPEARANCES OF COUNSEL

**Marvin Solomon** for plaintiff.
**Wanda Oglesby,** pro se.

### OPINION OF THE COURT

CAROL C. MURPHY, County Judge.

This case came on to be heard on January 22, 1987, on the complaint of plaintiff, Ford Motor Credit Company, that defendant, Wanda G. Oglesby, had breached a lease agreement. The issue is whether statements of the salesman who arranged the lease on behalf of the original lessor are admissible to vary the language of the written contract. I took the case under advisement, and after reviewing the testimony at the hearing, asked the attorney for plaintiff to send in a proposed final judgment. About six months later, he did so, and after another review of the testimony given at the hearing, I find that judgment for the plaintiff is not appropriate.

## FINDINGS OF FACT

1. The standardized lease contract used in this case was drafted by Ford Motor Credit Company, the assignor of the original lessor, Rowan Lincoln Mercury, Inc.

2. In entering into the lease agreement, the original lessor, Rowan Lincoln Mercury, Inc., simultaneously, by signing one time in one blank entered into the lease contract and assigned it to Ford Motor Credit Company. Rowan Lincoln Mercury's salesman, Jett Thomas, specifically assured defendant that, after one and one-half years, or at the most, two years, defendant would have equity built up in the car and could trade down into a lower priced car if she had problems with her payments. This was in answer to defendant's question about what would happen if, after leasing the vehicle, she encountered financial problems. In signing the lease agreement, defendant relied on the salesman's statement.

3. A year and nine month into the lease contract, defendant's house payment was raised and she had serious financial problems paying for the lease. Neither plaintiff, Ford Motor Credit Company, nor Rowan Lincoln Mercury would allow her to refinance the car or to trade down to a car with lower payments.

4. At the time defendant turned the car back in because she could no longer afford payments at the initial rate, she had never missed a payment, and was not behind in her payments. According to the testimony of plaintiff, the repossession was on September 11, 1987, about one and one-half month less than two years after the contract was signed.

## CONCLUSIONS OF LAW

1. The lease contracts are not negotiable promissory notes under article 3 of the Uniform Commercial Code, because they are not

payable to order or to bearer and because they are not for a sum certain, as the promise to pay in section 12 of the leases is dependent on external evidence of mileage to determine the amount owed thereunder. *See Locke v. Aetna Acceptance Corp.,* 309 So.2d 43 (Fla. 1st DCA 1975); 6 Fla. Jur.2d Bills & Notes §§ 79 and 84 (1978); Fla. Stat. §§ 673.104(1)(b) & (d), 673.100, and 673.111.

2. Because the leases are not negotiable instruments, Ford Motor Credit cannot be a holder in due course. As assignee of a non-negotiable instrument, Ford Credit is subject to all defenses that Jim Adams Ford, the original lessor, is subject to connected with the lease, except those explicitly waived. *Nusbaum v. Riskin,* 136 So.2d 1 (Fla. 2d DCA 1961).

3. The salesman's statements are not hearsay. They refer to the terms of a contract. S. Gard, Florida Evidence, Rule 7.04 (2d ed. 1980); *Pauline v. Lee,* 147 So.2d 359, 363 (Fla. 2d DCA 1962), *cert. denied,* 156 So.2d 389 (Fla. 1963).

4. The parol evidence rule is no barrier to the admission of the promises of the salesman as "parol testimony and . . . is competent to prove that [an] instrument was procured through misrepresentation, overreaching, or undue advantage taken of the plaintiff." *Tinker v. DeMaria Porsche Audi, Inc.,* 459 So.2d 487, 491 (Fla. 3d DCA 1984); *see also Pena v. Tampa Fed S & L Assoc.,* 363 So.2d 815 (Fla. 2d DCA 1978), *cert. denied,* 373 So.2d 461 (Fla. 1979). The "exception to the parol evidence rule which operates when a contract is procured by fraud, is also applicable where a general disclaimer clause is included in that contract." 459 So.2d at 492.

5. Defendant has proved through her testimony the common law elements of fraud, which constitute a "complete defense to [a finance company's claim] for the balanced owed on [an] installment sales contract." *Id.* at 493.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that plaintiff takes nothing by this suit and defendant shall go hence without day.

DONE AND ORDERED in chambers at Bartow, Polk County, Florida, this the 9th day of December, 1987.