# FORD MOTOR CREDIT COMPANY v WELLS
Case No. 87-CC11-0392
County Court, Polk County
March 15, 1988

### APPEARANCES OF COUNSEL
**Patricia Pieri** for plaintiff.
**John and Sandra Wells** pro se.

### OPINION OF THE COURT

CAROL C. MURPHY, County Judge.

Plaintiff, Ford Motor Credit Company, sued defendants, John R. and Sandra Wells, for breach of an agreement to lease a car. The issue is whether pre- and post-contract statements of the car salesman who arranged the lease on behalf of the original lessor are admissible to vary the language of the written contract.

The standardized lease contract used was drafted by Ford Motor

Credit Company, the assignor of the original lessor, Rowan Lincoln Mercury, Inc.

In entering into the lease agreement, Rowan Lincoln Mercury, simultaneously by signing one time in one blank, entered into the lease contract and assigned to Ford Motor Credit. Rowan Lincoln Mercury's salesman specifically assured Mr. and Mrs. Wells, both before and after they signed the lease contract, that if they had a problem making payments, he would put them into a cheaper car with lower payments.

When the Wells' experienced problems paying on the lease, neither Ford Motor Credit nor Rowan Lincoln Mercury would permit them to trade down to lower their payments.

The lease contract is not a negotiable promissory note because it is not payable to order or to bearer and because it is not for a sum certain. See *Locke v. Aetna Acceptance Corp.,* 309 So.2d 43 (Fla. 1st DCA 1975); 6 Fla.Jur. 2d Bills & Notes §§ 79 and 84 (1978); Fla. Stat. §§ 673.104(1)(b)&(d), 673.100 and 673.111. Because the lease is not a negotiable instrument, Ford Motor Credit is not a holder in due course. As assignees of a nonnegotiable instrument, Ford Motor Credit is subject to all defenses that Rowan Lincoln Mercury, the original lessor, is subject to connected with the lease, except those explicitly waived. *Nusbaum v. Riskin,* 136 So.2d 1 (Fla. 2d DCA 1961).

The salesman's statements are not hearsay. They refer to the terms of a contract. S. Gard, Florida Evidence, Rule 7.04 (2d ed. 1980); *Pauline v. Lee,* 147 So.2d 359, 363 (Fla. 2d DCA 1962), *cert. denied,* 156 So.2d 389 (Fla. 1963).

The parol evidence rule is no barrier to the admission of the promises of the salesman as "parol testimony and . . . is competent to prove that [an] instrument was procured through misrepresentation, overreaching, or undue advantage taken of the plaintiff." *Tinker v. DeMaria Porsche Audi, Inc.,* 459 So.2d 487, 491 (Fla. 3d DCA 1984); *pet. for rev. den,* 471 So.2d 43 (Fla. 1985); *see also Pena v. Tampa Fed. S & L Assoc.,* 363 So.2d 815 (Fla. 2d DCA 1978), *cert. denied,* 373 So.2d 461 (Fla. 1979). The "exception to the parol evidence rule which operates when a contract is procured by fraud, is also applicable where a general disclaimer clause is included in that contract." 459 So.2d at 492.

Defendant has proved through her testimony the common law elements of fraud, which constitute a "complete defense to [a finance company's claim] for the balance owed on [an] installment sales contract." *Id.* at 493.

Alternatively, the written agreement was amended by mutual consent after it was signed. The parol evidence does not cover agreements made subsequent to a writing. *See City of Boca Raton, Fla. v. Gold Coast Construction, Inc.,* 410 So.2d 174 (Fla. 5th DCA 1982).

Although the lease contract at paragraph 29 provides there is to be no modification of the contract, this provision is ineffective in that this is a consumer lease and the provision of no modification was not separately signed by the Wellses. *See* § 672.209(2), Fla. Stat.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Plaintiff takes nothing by this suit and Defendants shall go hence without day.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida, this 15th day of March, 1988.