444 So.2d 88 (1984)
MERCURY MARINE DIVISION OF BRUNSWICK CORPORATION, Appellant,
v.
BOAT TOWN U.S.A., INC., Stephen Grossman and Albert H. Tate, Jr., Appellees.
No. 82-1401.
District Court of Appeal of Florida, Fourth District.
February 1, 1984.
*89 Davis W. Duke, Jr., and John R. Hargrove of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellant.
Donald M. Coon, Boca Raton, and Gareth S. Aden of Dodson, Harris, Robinson & Aden, Nashville, Tenn., for appellees.
PER CURIAM.
Appellant, the Mercury Marine Division of Brunswick Corporation, sued appellees Boat Town U.S.A., Grossman and Tate to recover the balance of their account. Appellees counterclaimed for damages based upon Mercury's wrongful failure to renew Boat Town's franchise and various other alleged causes of action which were not submitted to the jury. Trial by jury resulted in a verdict for Mercury for $86,887.06 and a verdict for Boat Town for $167,500.00, representing Boat Town's lost profit or loss of business value.
Mercury contends error was committed because: 1) Boat Town's damages should have been limited to the notice of renewal period contained in the franchise agreement and 2) there was insufficient evidence to sustain the verdict in favor of Boat Town.
Regarding the first point, it is uncontroverted that Mercury failed to give any notice to Boat Town of sums due under the dealership agreement or other deficiency justifying nonrenewal under the Wisconsin Fair Dealership Law provisions forming a part of the agreement between the parties. Under said agreement, Mercury could terminate for good cause but was required to give the franchisee the opportunity to remedy any such cause. Suffice to say, after considering the evidence in this case and the authorities that have considered similar questions, we reject Mercury's contention that damages should be restricted to the notice period.
Appellees sought to prove their damages by two methods: loss of profits *90 or loss of business value. Mercury contends that the evidence of loss of business value adduced through Albert H. Tate, Jr., was incompetent because he was testifying as to the loss of value of a corporate business and thus even as an owner he was not qualified to do so. We recognize the general rule that an owner of property is qualified as such to testify to the value of his property, whereas officers of corporations do not qualify on the same basis. However, if the officer is qualified by virtue of his experience, his management of the affairs of the corporation and his knowledge of relevant value he is also a competent witness as to value. Salvage & Surplus Inc. v. Weintraub, 131 So.2d 515 (Fla. 3d DCA 1961); 31 Am.Jur.2d, Expert and Opinion Evidence, § 134. Although not the most articulate of witnesses, Tate appears to meet those qualifications, and his testimony established a sufficient basis of fact from which loss of business value could reasonably be determined.
While the short term history of the business makes reliance thereon to show loss of future profits relatively less certain, the evidence of the annualized profit over the fifteen month period of Boat Town's operation was admissible. Using that solid evidence, it seems to us the jury could reasonably have arrived at its verdict by considering the actual profit picture prior to termination and the profit picture of the business as an Evinrude marine motor dealer following termination.
Thus, viewing the entire record as it bears upon the points appellant raises on appeal, we fail to find any reversible error.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
DOWNEY, HERSEY and DELL, JJ., concur.