PER CURIAM.
The transaction giving rise to this litigation began when the Borakses entered into an agreement with a contractor (not a party to this appeal) for the construction and purchase of a custom built home. During construction, the Borakses requested certain features not covered by the agreement. At the time of closing, the Borakses were short of funds, and, at their request, the contractor accepted a second mortgage in the amount of $7,000.00 to secure payment of these “extras.” At the same time, the contractor executed a “No Lien Affidavit” certifying, falsely, that at the time of closing, there were no outstanding claims against the property by any subcontractor or materialman.
The Borakses sued the contractor seeking rescission of the second mortgage and damages for breach of contract. The contractor counterclaimed to foreclose the second mortgage. During the pendency of the lawsuit, the contractor assigned the note and mortgage to the appellant law firm in payment of legal fees. With the trial court’s permission, the law firm became a party to the suit as an additional counterclaimant.
Following a non-jury trial, the trial court entered judgment for the Borakses in which it (1) rescinded the second mortgage on the ground that it was fraudulently procured by the contractor and (2) awarded damages to the Borakses in the form of a set-off against the face amount of the note because of certain expenses incurred by the Borakses in reliance on the false “no lien” representations of the contractor.
The law firm, the assignee of the note and mortgage, is the sole appellant. It raises several issues, only two of which merit discussion. It contends, first, that the trial court erred in rescinding the second mortgage where, as here, the Borakses were unable to return the contractor to the position it was in prior to the execution of the second mortgage. We agree with this contention.
It is axiomatic that a party, to be granted the right of rescission, must offer to place the other party in status quo ante, and if such restoration is impossible, the contract cannot be rescinded. Niesz v. Gehris, 418 So.2d 445 (Fla. 5th DCA 1982) rev. denied, 427 So.2d 736 (Fla.1983); Smith v. Chopman, 135 So.2d 438 (Fla. 2d DCA 1961). Since the Borakses indisputably received the “extras” they bargained for, it was impossible to return the parties to the positions they occupied before the execution of the second mortgage. Accordingly, we must reverse the trial court’s judgment rescinding the second mortgage.
Next, the law firm, relying on Niesz v. Gehris, 418 So.2d 445,[1] contends that since the Borakses failed to acquire any prejudgment claim against the note and sought no affirmative relief against the law firm, the trial court should not have allowed a set-off for the damages occasioned by the contractor’s misrepresentations. We disagree with this contention.
Unlike Niesz, in which there was “no suggestion that the seller’s [misjrepre-sentation ... was made to induce the buyers to enter into the contract of sale,” 418 So.2d at 447, in the present case the trial court made a finding, supported by the evidence, that the “second mortgage would not have been given by the plaintiffs if they had known that prior liens existed against the property on which the second mortgage was issued.” Since the law firm *562 took the note and mortgage from the contractor with notice of the Borakses’ claims, it took the note and mortgage subject to such claims. Cole v. Angora Enterprises, Inc., 403 So.2d 1010 (Fla. 4th DCA 1981), aff'd, 439 So.2d 832 (Fla.1983), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984). Therefore, those damages incurred by the Borakses by reason of the false No Lien Affidavit, that is, $5,500.00, were properly deducted from the amount due under the note. However, damages in the amount of $800.00 awarded to the Borakses as a result of the contractor’s failure to obtain a homeowner’s warranty were not properly set off against the law firm’s claim on the note. The warranty was required by the terms of the original contract between the Borakses and the contractor. The contractor’s failure to obtain it was a breach of the underlying contract, and any resulting damage was not occasioned by the misrepresentation which induced the Borakses to execute the second mortgage.
Reversed in part; affirmed in part; remanded to the trial court with directions to enter a judgment consistent with this opinion.
ANSTEAD and WALDEN, JJ., and FRE-DRICKA G. SMITH, Associate Judge, concur.

. In Niesz v. Gehris, the court held that liabilities from the breach by the seller of a land purchase contract, a separate and distinct legal document from the mortgage, are not transferred to the assignee of the mortgage.