498 So.2d 1383 (1986)
MARYLAND CASUALTY CO., Appellant/Cross-Appellee,
v.
FLORIDA PRODUCE DISTRIBUTORS, INC., Appellee/Cross-Appellant.
No. 85-1695.
District Court of Appeal of Florida, Fifth District.
December 24, 1986.
Gail L. Golda and Ronald Harrop, of Gurney & Handley, P.A., Orlando, for appellant/cross-appellee.
James N. Powers, P.A., Orlando, for appellee/cross-appellant.
*1384 COWART, Judge.
This case involves the measure of damages in an action by an insured on an insurance contract in which the insurer has agreed to pay for loss caused by collision or overturn of a covered vehicle.
A semi-trailer, with collision coverage, was damaged when it accidentally overturned on a trip. When uprighted and continued to be pulled it collapsed ten to twelve miles from the site of the original accident. The insurer appraised damages caused by the initial turnover at $5,451.70 and tendered the insured payment in that amount less a deductible amount but denied liability for the damages resulting from the later collapse. The insured filed an action against the insurer on the policy providing collision coverage. Granting the insurer's motion for a directed verdict the trial judge ruled, as a matter of law, that the insurer was not liable for damages caused by the later collapse. At trial the insured sought $18,914 as "loss of use" damages based on evidence of loss of profits of $2,702 per month for the seven months the trailer was out of use while being repaired. The jury determined the damages caused by the accidental overturn to be $12,500 and also allowed damages of $12,678 for the insured's loss of use of the trailer. Judgment was entered against the insurer for $25,178 plus prejudgment interest thereon of $4,139.24 plus costs. The insurer appeals; the insured cross-appeals.
We agree with some of the positions asserted by the insurer on appeal. First we agree that when the measure of damages properly involves the loss of use of tangible property[1] used in a business, "profits" allegedly lost because of the loss of use of the property is a concept subject to too many other variables to be properly used as a measure of the value of loss of use of the property and that the best evidence of lost use value of personal property is the actual or theoretical reasonable rental value of similar property. See A. Mortellaro and Co. v. Atlantic Coastline Railroad Co., 91 Fla. 230, 107 So. 528 (1926); Meakin v. Dreier, 209 So.2d 252 (Fla. 2d DCA 1968).[2] However, more importantly, we agree with the insurer that under the collision coverage in this case the insurer is not liable for damages for loss of use of the trailer during the period it was being repaired. In relevant part the insurance policy gives the insurer an option to "pay for, repair or replace damaged property." Where, under a similar option in a similar insurance policy, an insurer elected and undertook to make repairs to damaged property and did not do so within a reasonable time it was held, in Travelers Indemnity Company v. Parkman, 300 So.2d 284 (Fla. 4th DCA 1974), that the insurer could be liable for damages for loss of use of the insured property beyond a reasonable time for making the necessary repairs. However, the insurer in this case did not elect to make repairs or to replace the damaged property. Here the insured undertook to make some repairs and to have some repairs made by third persons, thus the insured, not the insurer, controlled the time involved in making the repairs to the semitrailer in this case. The only contractual obligation of the insurer in this case was the payment of money. Of course, the money contractually owed by the insurer to the insured was not a liquidated sum and because the contracting parties could not agree on the proper sum due, payment was delayed until the controversy was resolved and the proper sum was liquidated by the jury verdict. It is precisely for this delay in the payment of money due that additional damages are allowed in the form of prejudgment interest. To charge the insurer *1385 prejudgment interest on the delayed payment of the money due and to also charge it for the loss of use of the damaged property would be to make the insurer pay twice for essentially the same thing. In this case this duplicity was further compounded by the award of prejudgment interest on the loss of use award. In fact the insured had no loss of use when payment was due under the insurance contract, because payment was due immediately after the vehicle was damaged and before the repairs were made.
Where, as here, the breach of a contract to pay a sum of money is caused by good faith controversy as to the amount due under the terms of a contract, when a verdict liquidates the damages the plaintiff is entitled to prejudgment interest on the amount found to be due, such interest to be at the rate provided in any applicable agreement or, if there is none, then at the statutory rate, calculated from the time the principal monetary sum was due the plaintiff under the contract. See Argonaut Insurance Company v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); Wong v. New Prospect Enterprises, Inc., 488 So.2d 647 (Fla. 5th DCA 1986); Biscayne Super Market, Inc. v. Travelers Ins. Co., 485 So.2d 861 (Fla. 3d DCA 1986). In Foresight Enterprises, Inc. v. Leisure Time Properties, Inc., 466 So.2d 283 (Fla. 5th DCA 1985), rev. denied. 476 So.2d 673 (Fla. 1985), this court held that the appellees were entitled to an award for loss of use damages to be measured by the legal rate of interest during the period of time the possession of the property in question was wrongfully withheld.
We also agree with the insured's cross-claim that the trial court erred in directing a verdict in favor of the insurer as to the damages to the trailer resulting from its collapse following its initial overturn. Under the facts and evidence in this case, whether the damages resulting from the collapse of the trailer were, in whole or in part, a "direct and accidental damage or loss" (the policy definition of "loss") caused by the trailer's overturn, was a question of fact to be determined by the jury.
Because the damage caused by the overturn, and its repair, and the damage caused by the collapse, and its repair, were interrelated, and the cost of the repair of each was necessarily commingled, we reverse for a retrial on all issues.
REVERSED AND REMANDED FOR A NEW TRIAL.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Such as, for example, damages for the tortious taking or detention of personal property. See Foresight Enterprises, Inc. v. Leisure Time Properties, Inc. 466 So.2d 283 (Fla. 5th DCA 1985), rev. denied, 476 So.2d 673 (Fla. 1985).
[2] Accord, Merrill v. Badgett, 385 So.2d 1316 (Ala. Civ. App. 1980), cert. denied, 385 So.2d 1319 (Ala. 1980); Robbins Motor Transp. Inc. v. Key GMC Truck Sales, 56 Ohio App.2d 165, 381 N.E.2d 1329 (1978). Contra Sharp v. Great Southern Coaches, Inc., 256 Ark. 773, 510 S.W.2d 266 (1974); Guidry v. Covington, 225 So.2d 311 (La. Ct. App. 1969).