WARNER, Judge.
This is an appeal from an order granting a new trial on the issue of punitive damages and denying a new trial on the issues of breach of contract damages and trespass damages. We affirm in part and reverse in part.
The Appellant/Cross Appellee Kish leased property to McDonald’s Corporation in 1971. The property in question fronted on Highway No. 441 in Margate. Kish also owned the surrounding property. In 1977 McDonald’s decided to install a drive-thru window and in doing so eliminated parking spaces from the restaurant area. The lease between Kish and McDonald’s did not require lessee approval for changes to the property. However, a lease provision stated that no alteration could reduce the value of the property. In 1981 McDonald’s sought to add a playground to the front of the building. This addition would have eliminated twelve more parking spaces. When the proposed construction plan was presented to the City of Margate for necessary approval, the parking was inadequate to meet the city code. Thereafter, McDonald’s revised the plans to show the inclusion of parking on Kish’s other property to the rear of the McDonald’s which was not included in the lease. This was done on *1179 the basis of its unilateral interpretation of a provision of the lease which was in substantial dispute at trial. McDonald’s never sought permission from Kish to include the property for the parking in the McDonald’s lot. When the revised plans were resubmitted to the City of Margate, it appeared that McDonald’s was the owner of the property on which the additional parking was planned. However, the inclusion of parking on Kish’s other land would preclude Kish from counting those parking spaces on her property in the back of McDonald’s toward any development of her vacant land. The plan was approved and construction proceeded.
At some point in 1981 Kish observed the playground and did further investigation concerning McDonald’s construction on the property. During this investigation, Kish first discovered that McDonald’s had used her property to the rear of the restaurant to create the twenty-two additional parking spaces needed to permit construction of the playground. At that point Kish demanded that McDonald’s cease using her property for parking. McDonald’s refused to do so, resulting in this litigation.
The complaint contained three counts which are material here, including an action in ejectment, an action for breach of the lease, and an action for trespass. Punitive damages were sought as to the trespass count. While the case was filed in 1982, it did not come to trial until January, 1987. Substantial testimony was presented on the issue of liability for punitive damages and the amount of compensatory damages suffered by Mrs. Kish. At the close of the plaintiffs’ case McDonald’s asked for and received a directed verdict from the judge on the issue of punitive damages. McDonald’s then presented its witnesses as to compensatory damages and liability and then rested its case. After presentation of all of the evidence, Kish moved the court to reconsider the issue of punitive damages, and at that point the court reversed itself and denied the previously entered directed verdict. The case was then argued and submitted to the jury. The jury returned a verdict in favor of Mrs. Kish ejecting the defendant from Kish’s property which had been used for the parking spaces; finding for Kish and awarding $150,000.00 for trespass damages together with $500,000.00 punitive damages; and finding for Kish on the breach of contract count and awarding $35,000.00 compensatory damages.
McDonald’s moved for a new trial which the court granted in part and denied in part. It granted a new trial on punitive damages because it found that the amount shocked the conscience of the court and further the court felt that it had prejudiced the defendant in the presentation of the issue by first granting the directed verdict and then denying the directed verdict at a time when the defendant had already rested its case and had excused all of its witnesses. It denied the new trial as to the compensatory damages on trespass and contract. It is from this order that appellants and appellee appeal.
We turn first to the order granting a new trial on the issue of punitive damages. The standard for our review as stated in Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA 1988), is an abuse of discretion standard. Thus, if reasonable persons could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion, and the order must stand undisturbed by the appellate court. Appellee first argues that the evidence does not support a punitive damage award in this case. However, we disagree and find that the evidence presented by the appellants was sufficient to show that McDonald’s knowingly, willfully or recklessly disregarded Mrs. Kish’s rights to the parking area property in acquiring it for use in connection with their improvements. Furthermore, when Mrs. Kish discovered this and called it to their attention, they refused to leave. Thus, this case is distinguishable from the line of cases which does not permit punitive damages in trespass actions where after discovery of the trespass, the trespasser removes himself from the property. See eg., Clark v. J.W. Conner & Sons, Inc., 441 So.2d 674 (Fla. 2d DCA 1983); Florida Power & Light Co. v. Walker, 440 So.2d 659 (Fla. 1st DCA 1983).
*1180 Appellants argue that the trial court abused its discretion in granting a new trial on the issue of punitive damages both as to amount and as to liability.[1] We find that the trial court did not abuse its discretion in granting a new trial on this issue because of the prejudice it created by reconsidering and denying the directed verdict on punitive damages after the close of all of the evidence. The closest precedential case is Pavlis v. Atlas-Imperial Dielsel Engine Co., 121 Fla. 185, 163 So. 515 (1935), where the trial court permitted the plaintiff to reopen its case to present additional testimony but did not afford the defendant an opportunity to rebut the new testimony before closing the case again. The supreme court held this to be reversible error. While there is no record reference in this reconstructed record that McDonald’s asked to reopen its case to include other evidence, all of its witnesses had been released from their subpoenas or had left the state. The trial court was rightfully concerned about its change of heart on the directed verdict and its effect on the defendant’s ability to present a defense. Essentially, the trial court determined that this was a deprivation of a right to a fair trial for the defendant. We would agree and hold that the trial court did not abuse its discretion in granting the new trial on the punitive damage issue.
The trial court denied a new trial with respect to the $150,000.00 damage award on trespass. The trial court instructed the jury that the measure of damages was the value of use and occupancy of the land, i.e., reasonable rental value. This is a proper measure of damages where a trespass has occurred and the trespasser has refused to remove itself after notification by the owner. See Anchorage Yacht Haven, Inc. v. Robertson, 264 So.2d 57 (Fla. 4th DCA 1972). In this case Mrs. Kish testified that the rental value of the property was $50,000.00 per year or $250,-000.00 from 1981, the date of discovery of the trespass, to the time of trial. The defendant’s expert, on the other hand, said that the rental value of the property for the same period was only $12,800.00. The jury verdict was within this range of values. Recognizing that the “jury is the sole judge of such factual issues [damages] and neither the trial judge nor an appellate court may substitute its judgment on such issue for that of the jury,” we affirm the denial of the new trial on the trespass damage issue.[2] Jefferson Realty of Fort Lauderdale, Inc. v. U.S. Rubber Co., 222 So.2d 738 (Fla.1969); Sunrise Point, Inc. v. Reliance Realty, Inc., 371 So.2d 674 (Fla. 3d DCA 1979).
However, we reach a different result as to the breach of contract issue. The jury was instructed that the measure of damages in the breach of contract action was an amount of money which would place Kish in the same position as she would have been in had the contract been performed. In this breach of contract action Kish claimed that McDonald’s had breached its contract by violating city ordinances regarding the required number of parking spaces. The alterations to the McDonald’s eliminated parking spaces making it “unusable” as a restaurant and thus reduced the value of the property contrary to the provisions of the lease. In order to place Kish in the same position that she would have been had the contract been performed, it follows then that the damages awarded should be the cost to cure the parking problem or, alternatively, damages based upon the reduction in value of the property caused by the improvements. The jury was provided with evidence that it would cost $800.00 to eliminate some outdoor seating so as to reduce the parking requirements or that it would cost $8,000.00 to put the property back in its original condition. Thus, the elements of damage on costs to cure in no way approach the $35,000.00 ultimately awarded. *1181 Furthermore, with respect to the reduction in value, Kish testified incredibly that the value of the property was now zero because it could not be used as a restaurant without the adequate parking. McDonald’s expert said that there was no decrease in value to the property. Even though Kish as owner could testify to the value of her property in the after condition, there was no testimony as to what the value of the property was prior to the addition of the drive-thru and playground, so that there was no way for the jury to measure what the reduction in value of the property was. Therefore, if the jury verdict could be construed as compensating Kish for a reduction in value, there was simply no evidence from which to arrive at this. As was said in George Hunt, Inc. v. Dorsey Young Const, Inc., 385 So.2d 732 (Fla. 4th DCA 1980), the evidence here with respect to the damage to the property was conflicting and vague and was not legally sufficient to support the award of breach of contract damages represented by the jury verdict.
In conclusion, we affirm the trial court order granting a new trial on the issue of punitive damages. We also affirm the denial of the motion for new trial as to damages for trespass. However, we reverse the trial court’s denial of the motion for new trial for breach of contract damages and remand for a new trial on that issue.
STONE and POLEN, JJ., concur.

. We do not address the issue of whether or not the amount was excessive as any question regarding the amount is necessarily made moot by the order granting new trial on liability for punitive damages as well as their amount.

. We find McDonald’s issue regarding interpretation of the parking easement is without merit.