MAY, MELANIE G., Associate Judge.
This appeal results from a land transaction, which turned into a dispute over respec *1055 tive obligations. Each side claimed damages. The method of calculating them framed the issues in this appeal.
In 1985, the purchaser (Doudov) acquired a five-acre parcel of property from the seller (Tolin). The purchaser made a twenty-five percent down payment and executed a note in favor of the seller. The seller agreed to provide an access road to the property within 120 days from the purchase date. The road was not built until nearly six years later and ■ only after suit had been filed, mediation had taken place, and a partial settlement reached. The purchaser filed suit for breach of contract, breach of warranty, fraud, and damages resulting from pollution of the property. The seller counterclaimed for foreclosure based on the purchaser’s failure to make payments on the note and mortgage.
Based on the theory that the purchaser had intended to use the property as a nursery, but had been precluded from doing so due to the lack of an access road, an expert testified that the lease value of the property for that purpose was $2,000/month. The expert’s qualifications were hotly contested. He had been in the nursery business for eleven years and had been a broker for twelve years, but had not been involved in the leasing of similar property during the period of this transaction. The seller was not permitted to introduce expert testimony on this issue as the court found him unqualified because he did not have a broker’s license. A real estate appraiser testified that the value of the property had increased by $12,000 since the purchase of the property, but would be virtually worthless if no access road existed.
The trial court submitted the matter to the jury, instructing it that the proper measure of damages was either the lease value of the property or the difference in property value with and without the access road. The jury returned a verdict of $138,801, one dollar being attributable to the pollution claim.[1] The trial court awarded prejudgment interest in the amount of $64,704.96 by calculating the interest on an amortized basis. The trial court then ruled in favor of the seller on the foreclosure action and awarded the seller $107,250, plus 18% default interest in the amount of $74,806.88, and attorney’s fees.
Several issues were raised in this appeal, only four of which will be addressed: (1) the proper measure of damages; (2) the calculation of interest; (3) the handling of the foreclosure action; and (4) the attorney’s fees issue.

Damages and How to Calculate Them

The seller first raises error in the trial court’s jury instruction concerning the proper measure of damages. The Court gave the following instruction:
A party who is deprived of the complete use of his property may be entitled to recover for loss of use. Such recovery may be measured by the fair market value of the use loss, which may also be described as the fair rental/lease value of the property over the period of the loss or the damages may be measured in terms of the difference in value of the property with and without the promised performance.
The seller suggests that diminution in value is the only proper measure of damages, and cites this Court’s opinion in Muroff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980), rev. denied, 392 So.2d 1377 (Fla.1981). Under very similar factual circumstances, this Court held “the proper measure of damages should be predicated upon diminution in value.” Id. at 1284. See also, Kish v. McDonald’s Corp., 564 So.2d 1177 (Fla. 4th DCA 1990). At first blush, this case would seem to control the issue. However, a critical distinction exists between this case and Muroff. In this case, the seller provided the access road prior to trial. Thus, the jury had the ability to assess the loss of use of the property over the six year period; or possibly find no damages since the access road was in place at the time of trial.
The jury chose the former. We find no error in the trial court’s instructions or the jury’s award of damages in this case.

Prejudgment Interest

However, the trial court’s calculation of prejudgment interest, albeit creative, did not comport with the law and must be re- *1056 versed. In this ease, the trial court awarded prejudgment interest on an amortized basis for each month’s “lease value” of the property, arriving at $64,784.96 in prejudgment interest. The calculation is flawed in numerous respects.
First, the proper method of calculating prejudgment interest requires not only a liquidation of damages, but that a determination be made as to the date that the claim became fixed. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). In this case, the damages became fixed upon construction of the access road, June 30, 1990. Second, the calculation is a simple ministerial function and does not require or permit an amortization of interest. Id. There can be no doubt that prejudgment interest applies in this case, but must be calculated in accordance with the existing law. It must be calculated from the fixed date; not amortized over the prior years.

The Foreclosure

The next issue to be addressed is the trial court’s handling of the counterclaim for foreclosure. The purchaser in this case defaulted on the note, when after years of waiting the seller failed to provide the promised access road. The purchase agreement and mortgage, while separate legal documents, were executed on the same day. It would seem that the purchaser justifiably refused to pay on the note when he could not access his property. The equitable approach to this issue would then appear to mandate a set-off of the foreclosure damages against the damages for breach of contract. See, e.g., Keith, Mack, Lewis & Allison v. Boraks, 483 So.2d 560 (Fla. 4th DCA 1986). Upon remand, the trial court should make the appropriate set-off precluding the foreclosure in this case.

Attorney’s Fees

The trial court did not err in its denial of Section 57.105, Florida Statutes (1989), fees. There were certainly justiciable, and hotly contested issues in this case.
The ease is reversed and remanded for a recalculation of prejudgment interest and a set-off on the foreclosure counterclaim. In all other respects, the judgment is affirmed.
STONE, J., and WALDEN, JAMES H., Senior Judge, concur.
NOTE: WALDEN, JAMES H., Senior Judge, did not participate in oral argument but has reviewed the presentation made at that proceeding.

. A typographical error appears on the final judgment, which reads $138,001; not $138,801.