THOMPSON, J.
Reliance Insurance Company (“Reliance”) appeals a final judgment in favor of Pro-Tech Conditioning and Heating, Inc. (“Pro-Tech”). Reliance contends that the trial court erred by ordering a directed verdict in favor of Pro-Tech and awarding Pro-Tech attorney’s fees. Pro-Tech cross appeals arguing that the trial court abused its discretion in determining the amount of the attorney’s fees award.
In June 1999, T & G Constructors, Inc. (T & G) and Pro-Tech entered a subcontract under which Pro-Tech would install heating and air conditioning systems at a school owned by the Orange County Public School System (“owner”). The work plans required Pro-Tech to install air handler stands, and the specifications required the stands to have zinc-coated galvanized steel sub-bases and baked enamel finishes. The *701 air handler stands were designed to support air handlers, which brought in outside air and were to be situated in closets.
Pro-Tech had been unable to find a source for the baked enamel stands and substituted a different type of stand. During the project, Pro-Tech received a complaint that the air stands were rusting. The owner believed that the stands were rusting because the specified baked enamel stands were not installed; Pro-Tech believed the stands were rusting because classroom doors were being left ajar, causing the air handlers to produce condensation.
Pro-Tech received a certificate of substantial completion on 1 February 2000 which was signed by all necessary parties except the owner. T & G refused to pay Pro-Tech the remaining balance owed for the project, so Pro-Tech attempted to secure the remaining balance through a payment bond issued to T & G by the surety company, Reliance. Reliance did not pay Pro-Tech the amount it claimed, and Pro-Tech sued Reliance. Reliance contended that Pro-Tech did not substantially perform because of the rusted air stands, and its affirmative defense was that the owner was entitled to a set-off.
At trial, in an attempt to introduce evidence of damages caused by the rusted stands, Reliance called Dale Michael Bradley, the owner’s facilities program director, to testify. Bradley testified that although Pro-Tech had completed the recommended treatment on the stands by cleaning the rust, priming, painting and adding mastic coating to the stands, the rust was bleeding through the mastic coating. The trial court did not allow Bradley to testify regarding the owner’s damages on the ground that Bradley had not been listed as an expert witness.
Because Reliance failed to provide evidence of the amount of a set-off, the court granted Pro-Tech’s motion for a directed verdict, and entered a judgment awarding Pro-Tech the balance owed on the contract. Reliance filed a motion for a new trial, and the motion for a new trial was denied. Pro-Tech also filed a motion for attorney’s fees and costs. After hearing arguments for Pro-Tech’s attorney’s fees, the trial court awarded Pro-Tech attorney’s fees, pursuant to section 255.05, Florida Statutes.[1]
On appeal, Reliance argues that the trial court erred by directing a verdict in favor of Pro-Tech. We agree. Reliance attempted to introduce evidence of damages by calling Bradley, the owner’s facilities program director, to testify. Florida and other jurisdictions permit an owner to testify as to property damages and value. Furthermore, expert testimony is not required when a corporate representative is qualified to testify. See Casa de Alabanza v. Bus Service Inc., 669 So.2d 338, 339 (Fla. 3d DCA 1996) (holding that in a breach of contract case, the trial court erred in prohibiting a representative of appellant, a corporate entity, from testifying on behalf of the corporation, and rejecting contention that since appellant listed no expert witness, it should be precluded from offering any testimony regarding the defects in appellee’s work); see also Kish v. McDonald’s Corp., 564 So.2d 1177 (Fla. 4th DCA 1990) (finding that the owner could testify to the reduced value of her property); Bastian *702 v. Laffin, 54 Md.App. 703, 460 A.2d 623, 631 (1983) (owner through her testimony-produced evidence of the repair cost as to certain items). Compare Horn v. Corkland, Corp., 518 So.2d 418 (Fla. 2d DCA 1988) (owner did not testify to any difference in value of property although under Florida law, an owner of property can testify as to his opinion of the value of the property).
The rule allowing an owner to testify regarding the value of his property is based on the owner’s presumed familiarity with the characteristics of the property, his knowledge or acquaintance with its uses and purposes, and his experience in dealing with it. First Interstate Development Corp. v. Ablanedo, 476 So.2d 692 (Fla. 5th DCA 1985); see also Bastian, 460 A.2d at 631 (the admissibility of an owner’s testimony of property values is not without limitations, and the owner’s competence to testify derives not from title, but rather from the fact that ordinarily, an owner knows the property intimately and is familiar with its value).
While an owner is qualified to testify as to the value of his property, officers of corporations do not qualify on the same basis. Mercury Marine Div. of Brunswick Corp. v. Boat Town U.S.A., Inc., 444 So.2d 88 (Fla. 4th DCA 1984). However, if the officer is qualified due to experience, management of corporate affairs, and his knowledge of relevant value, the officer is also a competent witness as to value. Mercury Mamie 444 So.2d at 90; see also Smith v. Potomac Elec. Power Co., 236 Md. 51, 202 A.2d 604, 609-610 (1964) (with respect to having the knowledge to testify as to value of property, the mere holding of corporate office is not enough, but the officer must have knowledge which in fact qualifies him). In the instant case, Bradley testified that his job as the owner’s program facilities director included meeting construction and roof replacement needs throughout the district. Because of Bradley’s knowledge and familiarity with managing construction affairs for the owner’s properties, Bradley should have been allowed to testify regarding the owner’s position and anticipated back charge.
The judgment in favor of Pro-Tech is reversed, and the case is remanded for a new trial in which the owner’s representative should be allowed to testify as to its damages. Because Pro-Tech is no longer the prevailing party pursuant to section 255.05(2)(a)2, Florida Statutes, Pro-Tech’s award of attorney’s fees is reversed.
REVERSED.
SAWAYA, C.J., and PETERSON, J„ concur.

. Section 255.05(2)(a),2, Florida Statutes provides:
In any action brought to enforce a claim against a payment bond under this section, the prevailing party is entitled to recover a reasonable fee for the services of his or her attorney for trial and appeal or for arbitration, in an amount to be determined by the court....