MORRIS, Judge.
B & B Tree Service, Inc., appeals a final judgment entered in its favor on its breach of contract claim against Tampa Crane & Body, Inc. B & B argues that the trial court misapplied the law on the loss-of-use measure of damages. We agree that the trial court erred in its application of the law, but we affirm because B & B did not present evidence to prove damages for loss of use.
B & B filed a complaint against Tampa Crane for replevin, breach of contract, tor-tious interference with a business interest, and bailment. B & B alleged that Tampa Crane failed to perform on a contract to install a commercial grade hook and hoist lift system on B & B’s Ford F-550 truck. The only claim that proceeded to trial was the claim for breach of contract.[1] After a bench trial, the trial court entered a final judgment finding that Tampa Crane breached the contract by failing to properly install the “hookloader.” The trial court found that Tampa Crane “should have completed the installation of the [h]ook-loader by mid-September 2006 and delivered the truck to B & B. The truck continued in Tampa Crane’s possession until mid-February 2007, without justification .... [T]he truck should have been re *978 turned to B & B in a timely manner.” The trial court went on to explain which damages were recoverable:
[T]he contract did not contain any provisions regarding the date of' completion or liquidated damages. Therefore, the court must consider the consequences of a breach “which may, under the circumstances, be presumed to have been in the contemplation of the parties at the time they made the contract.” The evidence presented established the carrying costs of the truck (loan and insurance payments) and the typical rental cost of a similar vehicle. However, these items would not be recoverable. Rather, recovery would be for payments resulting directly from the breach and the failure to deliver the vehicle for 5 months. Therefore, although there was a breach of contract that resulted in B & B[’s] being deprived of its truck for 5 months, the evidence does not establish a basis to award damages for the failure of Tampa Crane to redeliver the truck in a timely manner.
The trial court awarded B & B $1100 for the cost of finishing the proper installation of the hookloader.
On appeal, B & B claims that the trial court erred in failing to award damages for its loss of use of the truck during the five-month period at issue. The trial court relied on Lucas Truck Service Co. v. Hargrove, 443 So.2d 260 (Fla. 1st DCA 1983), in denying loss-of-use damages to B & B. In Lucas, the plaintiff was awarded damages for his lost profits caused by a mechanic’s retaining the plaintiffs truck for thirteen days. Id. at 262. The district court reversed for two reasons: first, the lost profits were too speculative and were not established with a reasonable certainty and, second, the loss of profits were not an ordinary consequence of the breach or a consequence that was contemplated by the parties at the time of the contract. Id. at 262-63. The court held that
[i]n order that a party may recover profits lost by reason of a breach of contract, the loss must be the natural and proximate result of the breach, whether as an ordinary consequence thereof, or as a consequence which may, under the circumstances, be presumed to have been in the contemplation of the parties at the time they made the contract. Remote damages cannot be recovered.
Id. at 263 (citing 17 Fla. Jur. 2d Damages § 79); see also Md. Cas. Co. v. Fla. Produce Distribs., Inc., 498 So.2d 1383, 1384 (Fla. 5th DCA 1986) (holding “that when the measure of damages properly involves the loss of use of tangible property used in a business, ‘profits’ allegedly lost because of the loss of use of the property is a concept subject to too many other variables to be properly used as a measure of the value of loss of use of the property” (footnote omitted)). The court in Lucas went on to explain that “[t]he proper measure of damages ... is an award for [plaintiffs] loss of use of the truck for the period of thirteen days during which [defendant] refused to return the truck.” Lucas, 443 So.2d at 263 (emphasis added).
It appears that in denying B & B’s claim for loss-of-use damages, the trial court misconstrued the holding in Lucas and confused B & B’s claim for loss-of-profits damages with its claim for loss-of-use damages. Applying Lucas to this case, B & B would not be entitled to damages for loss of profits because the trial court found that the parties did not contemplate that time was of the essence when they entered the contract and that loss of profits was therefore not a contemplated consequence of the breach.[2] However, also according to *979 Lucas, B & B could be entitled to damages for its loss of use of the truck during the five-month period. See id.; see also Tolin v. Doudov, 626 So.2d 1054, 1055 (Fla. 4th DCA 1993) (holding that where buyer sued seller for breach of contract for failing to build access road to property, trial court did not err in instructing the jury that “[a] party who is deprived of the complete use of his property may be entitled to recover for loss of use”); Md. Cas. Co, 498 So.2d at 1384.
The question then becomes whether the evidence established a basis to award loss-of-use damages for that five-month period of time. See Md. Cas. Co., 498 So.2d at 1384 (holding “that the best evidence of lost use value of personal property is the actual or theoretical reasonable rental value of similar property”); Meakin v. Dreier, 209 So.2d 252, 254 (Fla. 2d DCA 1968) (holding that loss of use is the measure of damages but that rental value is indicative of loss-of-use value); see also Tolin, 626 So.2d at 1055 (holding that trial court did not err in instructing jury that loss of use “may be measured by the fair market value of the use loss, which may also be described as the fair rental/lease value of the property over the period of the loss”). B & B did not present evidence to prove the damages it suffered based on its loss of use of a truck with a properly installed hookloader system. The president of B & B testified that he received two quotes, one for $5900 and one for $6000, but Tampa Crane objected to this evidence on the basis of hearsay and the trial court sustained the objection on that basis. Therefore, B & B did not present evidence to establish loss of use damages for a Ford F-550 truck with the hookloader system.
As for the rental value of the Ford F-550 truck alone, the president of B & B admitted that he had “not checked into renting an F-550.” He stated that “[o]ne would assume it would cost at least 1500 to $2,000 per month or more.” An owner is qualified to testify to the value of his property based on a “ ‘presumed familiarity with the characteristics of the property, knowledge or acquaintance with its uses and purposes[,] and experience in dealing with it.... [An] owner must be shown to have knowledge regarding the property and its value sufficient to qualify him.’ ” Craig v. Craig, 982 So.2d 724, 729 (Fla. 1st DCA 2008) (second alteration in original) (quoting Sun Bank/N. Fla., N.A. v. Edmunds, 624 So.2d 753, 756 (Fla. 1st DCA 1993)). But “ ‘[t]he presumption that an owner is sufficiently familiar with property to give an admissible opinion as to its value is a fragile one. If it be shown that the owner ... does not have such familiarity, the opinion evidence is not admissible.’ ” Id. (quoting Edmunds, 624 So.2d at 756). Because the president of B & B admitted that he had not checked into renting the Ford F-550 truck and that he was just making an assumption regarding the rental value of the truck, his opinion testimony was insufficient to prove the value of B & B’s loss of use of the truck.
In conclusion, while the trial court confused the loss-of-use measure of damages with the loss-of-profits measure, B & B is not entitled to an additional award of damages for its loss of use of the truck because it did not present competent, substantial evidence to support such an award.
Affirmed.
LaROSE and KHOUZAM, JJ., Concur.

. The counts for replevin and tortious interference were dismissed by B & B, and the trial court granted summary judgment on the bailment count in favor of Tampa Crane.

. B & B Tree Service does not challenge this ruling on appeal.