DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**INDIAN RIVER COUNTY,**
Appellant,

v.

**OCEAN CONCRETE, INC.** and **GEORGE MAIB,**
Appellees.

No. 4D19-3611

[November 25, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet Croom, Judge; L.T. Case No. 312007CA011589.

Dylan Reingold, County Attorney, and Paul R. Berg of Vocelle & Berg, L.L.P., Vero Beach, for appellant.

Geoffrey D. Smith, Susan C. Smith, and Stephen B. Burch of Smith & Associates, Melbourne, for appellee George Maib.

FRINK, KEATHAN, Associate Judge.

Appellant, Indian River County Board of County Commissioners ("the County"), raises several issues on appeal following the trial court's entry of final judgment in favor of Appellee, George Maib ("the landowner"), stemming from a jury trial to determine damages under the Bert J. Harris, Jr., Private Property Rights Protection Act ("Bert Harris Act").[1] We affirm on all issues, but write to address the County's arguments concerning the exclusion of two of the County's expert witnesses and the admission of the landowner's opinion testimony as to the value of his property.

## Background

The landowner purchased approximately 8.5 acres of real estate in Indian River County, intending to build a concrete batch plant. When the landowner bought the land, it was zoned as light industrial, and a concrete batch plant was an allowable use under the then-existing land

---

[1] The Bert Harris Act is codified in section 70.001, Florida Statutes (2008).

development regulations.  However, after the landowner took steps to develop and build the concrete batch plant on his property, the County amended the zoning regulations to exclude concrete batch plants as an allowable use.  Doing so precluded the landowner from building a concrete batch plant on the property as planned.

The landowner sued the County under the Bert Harris Act, seeking compensation for the loss of his ability to construct the concrete batch plant, attaching an appraisal report in support.  *See* § 70.001(4)(a), Fla. Stat. (2008).  However, the County declined to settle, and the claim ultimately proceeded to trial alongside the landowner's *Penn Central*[2] taking and procedural and substantive due process violation claims.  Importantly, the trial court limited trial to liability only, with a jury considering the procedural due process claim and the trial court considering the landowner's *Penn Central* taking, Bert Harris Act, and substantive due process violation claims.  Both the jury and the court found in the County's favor on all counts.

The landowner appealed, raising three issues, and this Court affirmed on two and reversed on one.  *Ocean Concrete, Inc. v. Indian River Cty., Bd. of Cty. Comm'rs*, 241 So. 3d 181, 183 (Fla. 4th DCA 2018).  Specifically, this Court held that the trial court erred in concluding that the landowner failed to prove entitlement to relief under the Bert Harris Act.  *Id.*  We held that the landowner had a reasonable investment-backed expectation in constructing a concrete batch plant and that the trial court erred in finding that a concrete batch plant was not an "existing use" for the property.  *Id.* at 188–90.  We therefore reversed and remanded to the trial court for a trial on damages under the Bert Harris Act.  *Id.* at 190.

Prior to the trial on damages, both the landowner and the County filed a multitude of motions in limine.  Specifically, the landowner sought to exclude testimony from two of the County's expert witnesses, Dr. Fishkind ("economist") and Mr. Underwood ("appraiser").  The County intended to offer the economist to testify on the market for concrete batch plants and whether the proposed plant was economically feasible, and intended to offer the appraiser to testify that the concrete batch plant was not the highest and best use either before or after the change in land development regulations.  The County, in turn, sought to exclude the landowner's opinion testimony as to his property's value.

The trial court granted the landowner's motions in limine to exclude the testimony of the economist and the appraiser.  The court ruled that

---

[2] *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104 (1978).

the economist's proffered testimony was contrary to the Bert Harris Act, which requires that the property be valued as though the owner had the ability to attain his reasonable investment-backed expectation (in this case as a concrete batch plant). The court also ruled that the economist's testimony was contrary to this Court's prior decision in *Ocean Concrete Inc.*, which found that a concrete batch plant was considered an "existing use" that created a value in the property greater than the fair market value of the actual, present use or activity on the real property as vacant land. 241 So. 3d at 188. Similarly, the court excluded the appraiser's testimony because it sought to value the property as vacant land with a potential use other than as a concrete batch plant. The trial court also excluded the appraiser's testimony because it was based in part on the economist's testimony as to the economic feasibility of concrete batch plants.

The trial court, however, denied the County's motion in limine to exclude the landowner's opinion testimony as to the value of his own property. The trial court reasoned that it is the general rule in Florida that a property owner may testify as to the value of his or her own property.

Subsequently, at trial, the court denied the County's requests to reconsider the exclusion of the economist and the appraiser. After hearing testimony from other witnesses—including the landowner's opinion testimony as to his property's value—the jury found the landowner's favor, awarding him $2 million in damages. The trial court thereafter denied the County's "Motion to Set Aside the Verdict and in the Alternative Motion for new Trial," and issued a Final Judgment, awarding the landowner $2 million plus $1,302,577.00 in prejudgment interest. From this Final Judgment, the County now seeks our review.

## Analysis

The County mainly appeals the trial court's exclusion of the economist and the appraiser based on its interpretation of the Bert Harris Act. The County also appeals the trial court's finding that the Bert Harris Act allows a property owner to testify as to his or her property's value.

We review an issue involving statutory interpretation *de novo. Bair v. City of Clearwater*, 196 So. 3d 577, 581 (Fla. 2d DCA 2016); *City of Jacksonville v. Smith*, 159 So. 3d 888, 889 (Fla. 1st DCA 2015). Further, "[a] trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion . . . [and] is limited by the rules of evidence." *Hayes v. Wal-Mart Stores, Inc.,* 933 So. 2d 124, 126 (Fla. 4th DCA 2006) (quoting *Johnston v. State,* 863 So. 2d 271, 278 (Fla. 2003)). We must determine if the trial court's exclusion or allowance of the witnesses was

3

based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *See Salazar v. State*, 991 So. 2d 364, 373 (Fla. 2008). We do not reach that conclusion as to either issue.

A. <u>The Exclusion of the Economist and the Appraiser</u>

The Bert Harris Act addresses circumstances when the government enacts laws, regulations or ordinances that "may inordinately burden, restrict, or limit private property rights without amounting to a taking under the State Constitution or the United States Constitution." § 70.001(1), Fla. Stat. (2008). We previously held that the landowner's concrete batch plant was an "existing use," that he had a reasonable, investment-backed expectation in constructing the concrete batch plant, and that the County inordinately burdened the property. *Ocean Concrete, Inc.*, 241 So. 3d at 188–90. Our holding became the law of the case.

> Under the law of the case doctrine, questions of law that have actually been decided on appeal "must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." This doctrine includes not only issues explicitly ruled upon by the court, but also those issues which were "implicitly addressed or necessarily considered by the appellate court's decision."

*Langer v. Fels*, 93 So. 3d 1069, 1072 (Fla. 4th DCA 2012) (quoting *Fla. Dep't of Transp v. Juliano*, 801 So. 2d 101, 105–06 (Fla. 2001)). Accordingly, the only issue remaining following our holding was damages.

The Legislature, in enacting the Bert Harris Act, provided the method and formula which courts must use to determine damages under the Act:

> Following its determination of the percentage of responsibility of each governmental entity, and following the resolution of any interlocutory appeal, the court shall impanel a jury to determine the total amount of compensation to the property owner for the loss in value due to the inordinate burden to the real property. The award of compensation shall be determined by calculating the difference in the fair market value of the real property, as it existed at the time of the governmental action at issue, *as though the owner had the ability to attain the reasonable investment-backed expectation* or was not left with uses that are unreasonable, whichever the case may be, and the fair market value of the real property, as it existed at the time of the governmental action at issue, as

4

inordinately burdened, considering the settlement offer together with the ripeness decision, of the governmental entity or entities. In determining the award of compensation, consideration may not be given to business damages relative to any development, activity, or use that the action of the governmental entity or entities, considering the settlement offer together with the ripeness decision has restricted, limited, or prohibited. The award of compensation shall include a reasonable award of prejudgment interest from the date the claim was presented to the governmental entity or entities as provided in subsection (4).

§ 70.001(6)(b), Fla. Stat. (2008) (emphasis added).

The County first argues the trial court misinterpreted the "as though the owner had the ability to attain the reasonable investment-backed expectation" language as an instruction on *how* to value the property and not *when* to value the property. The County maintains this language requires the jury to determine the property's fair market value when the landowner had the ability to use the property for the intended use as a concrete batch plant rather than, as the trial court ruled, an instruction that the property must be valued with the landowner's intended use as a concrete batch plant as the highest and best use. According to the County, a concrete batch plant was not the property's highest and best use before it was inordinately burdened, resulting in no diminution in value.

A statute must be given its plain and obvious meaning when the language "is clear and unambiguous and conveys a clear and definite meaning." *Rollins v. Pizzarelli*, 761 So. 2d 294, 297 (Fla. 2000) (quoting *Modder v. Am. Nat'l Life Ins. Co.*, 688 So. 2d 330, 333 (Fla. 1997)). "Every statute must [also] be read as a whole with meaning ascribed to every portion and due regard given to the semantic and contextual interrelationship between its parts." *Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC*, 986 So. 2d 1260, 1265 (Fla. 2008) (quoting *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992)).

The Bert Harris Act's plain meaning compels a rejection of the County's position. The Bert Harris Act clearly provides that the calculation of the loss in fair market value of a property that has been inordinately burdened is the difference between: 1) "the fair market value of the real property, as it existed at the time of the governmental action at issue, as though the owner had the ability to attain the reasonable investment-backed expectation"; and 2) "the fair market value of the real property, as it existed

5

at the time of the governmental action at issue, as inordinately burdened." § 70.001(6)(b), Fla. Stat. (2008). While both parts are similar, the distinguishing clauses are "as though the owner had the ability to attain the reasonable investment-backed expectation" and "as inordinately burdened." We must read these clauses in conjunction with the rest of the statute.

The Bert Harris Act defines an inordinate burden as:

> an action of one or more governmental entities [that] *has directly restricted or limited the use of real property such that the property owner is permanently unable to attain the reasonable, investment-backed expectation for the existing use of the real property* or a vested right to a specific use of the real property with respect to the real property as a whole, or that the property owner is left with existing or vested uses that are unreasonable such that the property owner bears permanently a disproportionate share of a burden imposed for the good of the public, which in fairness should be borne by the public at large.

§ 70.001(3)(e) Fla. Stat. (2008) (emphasis added).

The damages provision under section 70.001(6)(b), Florida Statutes (2008), read along with the definition of inordinate burden, tells us that "as inordinately burdened" essentially means as though the owner did *not* have the ability to attain the reasonable investment-backed expectation. Thus, the statute's damages provision anticipates a valuation before and after the investment-backed expectation loss. In other words, the valuation is focused on the investment-backed expectation itself, rather than a potentially higher value use. It is important to remember that the Bert Harris Act's purpose is to determine the investment-backed expectation loss. To value the property otherwise would result in an unnecessary and irrelevant valuation.

With that in mind, the trial court properly excluded the economist's and the appraiser's testimony, in part, based upon the Bert Harris Act's plain meaning. Doing so did not constitute an abuse of discretion.[3] The economist sought to testify as to the concrete batch plant's economic

---

[3] Because we hold that the trial court's exclusion of these witnesses based on its interpretation of the statute's "as though the owner had the ability to attain the reasonable investment-backed expectation" provision was appropriate, we do not address whether the trial court misinterpreted "existing use."

feasibility to demonstrate that it was not the highest and best use, and the appraiser—whose testimony relied upon the the economist's analysis—sought to value the property as something other than a concrete batch plant. Neither expert offered testimony complying with section 70.001(6)(b), Florida Statutes (2008).

We note that the County was not without remedy following the trial court's exclusion of the testimony of the economist and the appraiser. The motions in limine excluding these witnesses were initially heard and ruled upon before the start of trial.[4] The County could have requested leave from the trial court to speak with its witnesses, or to inform them of the trial court's ruling and determine if they could offer testimony in compliance therewith. However, the record does not reflect any such attempt by the County.

To the extent the County's proffered testimony from the appraiser concerning the property's value *as inordinately burdened* would not have violated the trial court's interpretation of the statute's "as though the owner had the ability to attain the reasonable investment-backed expectation" language, we further note that any such testimony would not implicate the full damages calculation under section 70.001(6)(b), Florida Statutes (2008). Moreover, the appraiser's proffered testimony demonstrated that he sought to value the property, as inordinately burdened, with a value *lower* than the value to which the landowner's expert testified. Thus, any potential error in excluding this testimony was harmless. *See Special v. W. Boca Med. Ctr.,* 160 So. 3d 1251, 1256 (Fla. 2014). Accordingly, we hold the trial court correctly interpreted the Bert Harris Act, and that the exclusion of both the economist and the appraiser was therefore not based on an erroneous interpretation of the law.

B. The Landowner's Opinion Testimony

The County also argues the trial court erred in permitting the landowner to testify as to his property's value because the Bert Harris Act allegedly precludes such testimony. We disagree.

The statute requires a property owner, who is burdened by the action of a governmental entity and thus seeking compensation, to first submit a claim in writing to the head of the governmental entity along with a "valid

---

[4] The four-day trial was held from September 23 through September 26, 2019. The trial court first ruled on the motion in limine as to the economist during an August 15, 2019 pretrial hearing and ruled on the motion in limine as to the appraiser in a September 20, 2019 pretrial order.

appraisal that supports the claim and demonstrates the loss in fair market value to the real property." § 70.001(4)(a), Fla. Stat. (2008). While the statute does not state who may testify as to the property's fair market value at trial, legal precedent allows a property owner to testify as to its value. *Craig v. Craig*, 982 So. 2d 724, 729 (Fla. 1st DCA 2008) ("Generally, an owner of property can testify as to its value, whether or not the owner is qualified as an expert."); *Reliance Ins. Co. v. Pro-Tech Conditioning & Heating*, 866 So. 2d 700, 701 (Fla. 5th DCA 2003) ("Florida and other jurisdictions permit an owner to testify as to property damages and value."). However, this legal precedent is not without restriction.

> An owner is qualified to testify to the value of his property based on a presumed familiarity with the characteristics of the property, knowledge or acquaintance with its uses and purposes, and experience in dealing with it. An owner must be shown to have knowledge regarding the property and its value sufficient to qualify him.

*B & B Tree Serv., Inc. v. Tampa Crane & Body, Inc.*, 111 So. 3d 976, 978 (Fla. 2d DCA 2013) (internal quotation marks and alterations in original omitted) (quoting *Craig*, 982 So. 2d at 729).

The County argues the Bert Harris Act requires that a property owner submit only a valid appraisal in support of the claim demonstrating the loss in fair market value, without allowing the property owner to testify at trial concerning the property's value. But the County's position conflicts with the entire purpose of a trial on damages to determine the compensation amount. The statute references only that the appraisal must demonstrate the loss in the fair market value. § 70.001(4)(a), Fla. Stat. (2008). Nothing precludes the owner from testifying as to his or her own knowledge of the property. The statute did not override legal precedent allowing the landowner to testify as to his property's value. *See Reliance Ins. Co.*, 866 So. 2d at 701.

Moreover, the landowner demonstrated familiarity with and knowledge of the property that sufficiently qualified him to testify as to his property's value. *B & B Tree Serv., Inc.*, 111 So. 3d at 978. The landowner testified that after he purchased the property, he hired a team of professionals, surveyors, and individuals to advise him on the property. He testified that he made physical alterations and improvements to the property after purchasing it, such as clearing the land, re-sleeving an old well, putting in two five-inch wells, installing another well for potable water, and relocating 473 palm trees to the property's perimeter to act as a buffer. He also testified his concrete batch plant was going to be state of the art and the

property's slope and triangular design along its rail side, plus its natural buffer zones, added value for his intended use.

We further note the County was not prejudiced as a result of the landowner's testimony because it thoroughly cross-examined him, and the jury had ample opportunity to weigh his testimony. With these considerations in mind, we hold the trial court did not abuse its discretion in allowing the landowner to testify about his property's value.

## Conclusion

Because we hold that the trial court properly interpreted the Bert Harris Act to exclude the testimony of both the economist and the appraiser, and because we hold the trial court did not abuse its discretion in allowing the landowner to testify as to the value of his property both before and after the inordinate burden, we affirm as to those issues. We also affirm as to all other issues on appeal.

*Affirmed.*

DAMOORGIAN and CIKLIN, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

9